**Charles L. HOUCK, Appellant,**

**v.**

**COUNTY OF NORTHAMPTON.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1997.
Decided March 20, 1998.

Craig J. Smith, Easton, for appellant.

R. Michael Carr, Bethlehem, for appellee.

Before FRIEDMAN and LEADBETTER, JJ., and NARICK, Senior Judge.

---

FRIEDMAN, Judge.

Charles L. Houck (Houck) appeals from an order of the Court of Common Pleas of Northampton County (trial court) granting the County of Northampton's (County) motion for summary judgment. We reverse and remand for a trial on the matter.

Houck was employed by the County since 1977. Pursuant to the County's Home Rule Charter,[1] Houck's position as internal auditing manager was a Career Service position, which included rights to grievance procedures and to appeal to the Personnel Appeals Board (Board). Between October of 1981 and January of 1982, Houck was appointed to the positions of Acting Director of Administration and Director of Fiscal Affairs (DFA).[2] Both directorships are Exempt positions, making persons with those positions at-will employees. However, Houck conditioned his acceptance of the director positions, and resulting Exempt employee status, on an agreement that Houck would be considered on leave of absence from his permanent Career Service status and that he could return to a Career Service position when his Exempt service ended, as provided for in the County's Personnel Policy and Procedure Manual.[3] (R.R. at 232a.)

From January 5, 1982 until January 4, 1994, Houck's last day on the job, he served in the DFA position with Exempt status.[4] (Complaint at ¶ 13.) Between January 5, 1994 and February 16, 1994, Houck was paid for accrued vacation time at the rate applicable to the DFA position.[5] (R.R. at 169a.)

During this period, Houck made an oral request to Jean Lewis (Lewis), the County's Controller, to return to his internal auditing manager position. On February 4, 1994, Lewis sent a letter to Houck denying his request, stating that the position which he left was "abolished in a departmental reorganization and replaced by an Exempt position." (R.R. at 267a.) Lewis also denied Houck's request to "bump" a less senior Career Service employee from a position which Houck was competent to hold. (R.R. at 267a.) The County's personnel records list Houck as departing from the DFA position due to "involuntary retirement" on February 16, 1994. (R.R. at 264a–66a.)

Challenging his forced "retirement," Houck filed a complaint in the trial court, asserting counts in breach of express contract, breach of contract—promissory estoppel and breach of contract—equitable estoppel.[6] The County filed an answer and new matter and, later, a motion for summary judgment, asserting that Houck failed to exhaust administrative remedies because the County's Career Service regulations require a Career Service employee to present his claim to the Board.[7] In responding to the motion for summary judgment, Houck argued that this administrative remedy was not available to him, contending that the Board did not have jurisdiction over the dismissal of an Exempt employee and that he was never returned to a Career Service position.

In its decision on the motion for summary judgment,[8] the trial court concluded that

---

1. 348 Pa.Code §§ 1.1–101—1.13–1311.

2. Although it is apparent from the record that Houck did not hold these positions simultaneously, it is unclear as to the specific dates he held each position. This information is not material to our disposition of the issues.

3. This agreement was reduced to a writing dated January 6, 1982, and signed by the County's Executive on January 7, 1982 and the County's Controller on January 11, 1982.

4. The newly elected County Executive was sworn into office on January 5, 1994, and Houck was not included in this administration.

5. The record is unclear as to whether this vacation was accrued while Houck served in his

Career Service position, Exempt position or both. (R.R. at 44a–45a, 263a.)

6. Houck also filed for unemployment compensation benefits, and the County contested Houck's claim on the grounds that he was an Exempt employee in a policy making position. (R.R. at 210a, 276a–77a.)

7. Extraordinarily, the County makes this argument despite the fact that the County failed to return Houck to a Career Service position.

8. [S]ummary judgment may be properly entered only where the moving party has established that there remains no genuine issue of material fact and that it is entitled to judgment as a matter of law. In determining whether to enter a summary judgment, a court must view

Houck's case fell within the Board's jurisdiction pursuant to 348 Pa.Code § 1.10–1005(a)(3), which provides that the "Board shall hear appeals ... by any individual, *other than a member of the [E]xempt [S]ervice,* from any decision of the agency responsible for the administration of the merit personnel system resulting in *denial* of qualification ... or *appointment in the [C]areer [S]ervice.*" (Emphasis added.) The trial court stated that Houck's Exempt service concluded on January 5, 1994, and reasoned that from that point forward, Houck was not an Exempt employee. Additionally, the trial court stated that the County's letter of February 4, 1994 denied Houck's reappointment to the Career Service, and because Houck was no longer an Exempt employee, his case was within the Board's jurisdiction. The trial court concluded that, because available administrative remedies had not been pursued, the case was not ripe for judicial review, and, accordingly, it granted the County's motion for summary judgment.[9]

Houck now appeals to this court,[10] arguing that the trial court erred in granting summary judgment based on its conclusion that the Board has jurisdiction. Houck contends that a genuine issue of material fact exists regarding whether Houck was an Exempt employee and, thus, outside the jurisdiction of the Board at the time he sought and was denied reinstatement to the Career Service on February 4, 1994.

Houck points to numerous places in the record where the testimony of the County's Director of Personnel indicates that Houck was an Exempt employee through February 16, 1994. (R.R. at 182a, 163a–64a, 168a–69a.) Additionally, Houck points to the County's personnel record which shows Houck's job title as DFA, an Exempt position, until February 16, 1994. (R.R. at 264a.) Further, Houck notes that Code 3.701 of the County's Personnel Policy and Procedure Manual, which governs grievance procedures for non-exempt personnel, requires that an appeal be taken to the Board within ten days of the department head's reply. (R.R. at 256a–57a.) Consequently, Houck argues, by virtue of the County considering Houck to be a member of the Exempt Service through February 16, 1994, Houck could not have appealed to the Board within ten days of the February 4, 1994 letter because he was an Exempt employee at that time.

On the other hand, the County argues that there is no genuine issue of material fact regarding the Board's jurisdiction. The County relies on Houck's complaint, wherein he stated, "[o]n or about January 5, 1994, Plaintiff's [Houck's] exempt service concluded ...." The County argues that this averment constitutes an admission by Houck that, as of January 5, 1994, he was no longer a member of the Exempt Service.[11] Citing *Dale Manufacturing Co. v. Workmen's Compensation Appeal Board,* 34 Pa.Cmwlth. 31, 382 A.2d 1256 (1978), *aff'd,* 491 Pa. 493, 421 A.2d 653 (1980), for the principle that an admission in a verified pleading is a judicial admission which cannot later be contradicted by the party making it, the County argues that Houck cannot now contradict this admission. We acknowledge the legal principle set forth in *Dale;* however, because we disagree with the County's assertion that Houck admitted in his complaint that his Exempt *status* ended on January 5, 1994, we reject the County's premise that *Dale* is applicable. Indeed, contrary to the County's claim, Houck admits only that his Exempt *service* concluded;[12] he did not admit that he no

the record in the light most favorable to the non-moving party.
*Peters Township Sch. Auth. v. United States Fidelity & Guaranty Co.,* 78 Pa.Cmwlth. 365, 467 A.2d 904, 906 (1983) (citations omitted).

9. The trial court also emphasized the importance and jurisdictional character of the exhaustion doctrine *and the* importance of deference to an agency's specialization.

10. On appeal of the entry of summary judgment, our scope of review is limited to determining whether the trial court committed an error of law or whether there was a clear or manifest abuse of discretion. *Peters Township.*

11. In doing this, County ignores its own personnel records which indicate that Houck was holding an Exempt position until February 16, 1994.

12. Given that Houck also states in his complaint that he "served in the exempt position of Director of Fiscal Affairs ... until January 4, 1994," the most that can be deemed admitted

longer held Exempt *status.*[13]

We note that the trial court's reasoning is similarly flawed. In its decision, the trial court stated that Houck's "exempt service concluded on January 5, 1994." From this statement, the trial court concludes that "[f]rom that point forward, the Plaintiff [Houck] was not an exempt employee." However, as previously stated, this conclusion does not necessarily flow from Houck's admission. The trial court could only arrive at this conclusion by implying a fact, namely, that once Houck's Exempt *service* concluded, so did his exempt *status.*[14]

However, the fact that Houck ceased to perform his Exempt service, i.e., the duties of DFA, is not synonymous with the loss of his Exempt employment *status.*[15] Even after Houck concluded his service as DFA on January 5, 1994, he remained employed by the County until February 16, 1994.[16] The County's Home Rule Charter provides for only two categories of employees: Career Service and Exempt Service. (R.R. at 282a.) Consequently, Houck's employment status for the period of January 5, 1994 through February 16, 1994 must fit into one of these categories. Which category Houck was in during this period is a fact that Houck has not admitted and which must be decided.

Because the Board's jurisdiction depends on Houck's status, it is a material fact; and because there is a genuine issue regarding what Houck's status was at the time he sought reinstatement into the Career Service, we agree with Houck that summary judgment should not have been granted. Accordingly, we reverse the order of the trial court and remand the case to the trial court for a trial on the matter.

### ORDER

AND NOW, this 20th day of March, 1998, the order of the Court of Common Pleas of Northampton County (trial court), dated March 7, 1997, at No. 1996–C–0285, is hereby reversed, and the case is hereby remanded to the trial court for a trial on the matter.

Jurisdiction relinquished.

LEADBETTER, Judge, dissenting.

I respectfully dissent. I do not believe that there are any material factual disputes at issue, but only the appropriate interpretation of 348 Pa.Code § 1.10–1005 under somewhat unusual circumstances. That section of the Code provides, in pertinent part:

(a) *Functions.* The Personnel Appeals Board shall hear appeals—

---

from his complaint is that he stopped performing the Exempt, DFA job duties.

Service is defined as "the *performance* of work commanded or paid for by another." *Webster's Third New International Dictionary* 2075 (1986) (emphasis added).

**13.** The County also argues that whether Houck held an Exempt Service position is irrelevant because Houck's claim is based on his rights as a Career Service employee, and, thus, the County argues that the Board has jurisdiction. We disagree. The County wants to have it both ways. First, the County denies Houck Career Service status by refusing to return him to a Career Service position; then, the County, in effect, says that Houck is a member of the Career Service by virtue of arguing that Houck's case must be brought before the Board. The County cannot, in good faith, deny that Houck has any rights as a Career Service employee and still assert that the body that adjudicates Career Service matters has jurisdiction over Houck's complaint.

**14.** We note that this fact is also contrary to the County's personnel records, and on a motion for

summary judgment, the court must view the record in the light most favorable to the non-moving party. *Peters Township.*

**15.** Even when one is no longer actually performing the duties of his job, one can still be considered employed. *See Poola v. Unemployment Compensation Bd. of Review,* 520 Pa. 562, 555 A.2d 97 (1989) (holding that weeks for which claimant was paid accrued vacation time could be computed as credit weeks for purposes of determining eligibility for benefits); *Grove v. Equitable Life Assurance Soc'y of United States,* 336 Pa. 519, 9 A.2d 723 (1939) (holding that employment does not terminate when a leave of absence expires just because the employee does not actually return to work).

**16.** No one argues that Houck was not considered an employee of the County through his termination date of February 16, 1994. (R.R. at 168a–69a, 264a.) Moreover, the County's Director of Personnel testified, and the County's records indicate, that Houck was still considered a County employee while using accrued vacation time. (R.R. at 168a–69a, 264a.)

(1) by any member of the career service from any decision resulting in denial of qualification, eligibility, or promotion or resulting in transfer, demotion, suspension, dismissal, or disciplinary action...;

. . .

(3) by any individual, other than a member of the exempt service, from any decision of the agency responsible for the administration of the merit personnel system resulting in denial of qualification, eligibility, or appointment in the career service.

Under the theory stated in Mr. Houck's complaint, when he became a member of the Exempt Service, he took an extended leave of absence from his position in the Career Service, with a specific written guarantee, based upon the County's Personnel and Procedures Manual, that he could return to his Career Service position at the conclusion of his tenure in the Exempt Service. The basis for the claim stated in his complaint was that he retained certain rights while on leave from the Career Service, specifically a right to reinstatement when his Exempt Service ended. Since the underlying right he asserted in his complaint was based upon his status as an employee on leave from the Career Service, and involved the interpretation and/or enforcement of terms both negotiated when he was an active member of the career service and also controlled by written policies applicable to Career Service employees on leave, I believe that subsection (a)(1) is applicable to the present case, rather than subsection (a)(3).[1] Thus I believe that the Personnel Appeals Board had jurisdiction over this matter and that Common Pleas properly granted summary judgment for failure to pursue administrative remedies.

Accordingly, I would affirm the Court of Common Pleas.

---

1. This would be my interpretation even if I were to conclude that he continued to be a "member" of the Exempt Service while exhausting unused vacation time after his termination (which I believe is a legal rather than a factual determination.)