**Sean SHARKEY (Dec'd) and Rose Sharkey (Widow), Petitioners,**

v.

**WORKERS' COMPENSATION AP-PEAL BOARD (SHARKEY'S AMER-ICAN HARDWARE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 24, 1999.
Decided Dec. 21, 1999.
Reargument Denied Feb. 14, 2000.

Charlotte Bohner Luchak, Philadelphia, for petitioners.

---

Sandra R. Craig, Philadelphia, for respondent.

Before DOYLE, President Judge, and COLINS, J. and LEADBETTER, J.

LEADBETTER, Judge.

Petitioner Rose Sharkey appeals from the order of the Workers' Compensation Appeal Board (Board), which affirmed the allowance of subrogation rights to Sharkey's American Hardware (employer) against petitioner's third-party recovery in a medical malpractice action. The issue before this court is whether employer met its burden of proof by demonstrating through substantial evidence of record that it is entitled to subrogate against petitioner's third-party recovery pursuant to Section 319 of the Workers' Compensation Act (Act).[1] After review, we reverse.

In March 1988, while petitioner's husband, Sean Sharkey, was depositing funds earned by his employer in the bank, a car passing the bank hit a utility pole, which upon impact fell into the bank causing injury to Sharkey. Sharkey subsequently received workers' compensation benefits pursuant to a notice of compensation payable, which accepted liability for injuries in the nature of cervical strain, bilateral shoulder contusion and left knee derangement. Sharkey subsequently suffered a fatal myocardial infarction in February 1990. Thereafter, petitioner filed a fatal claim petition, alleging that the death of her husband was a direct result of his 1988 work-related injury. The fatal claim petition was granted and affirmed on appeal.

Following the death of her husband, petitioner filed a medical malpractice action against her husband's family doctor, Marshall Gottlieb, M.D. Petitioner eventually settled the action against Gottlieb for the amount of $700,000.00. Following petitioner's settlement of the malpractice action, employer filed a petition to modify/review, seeking to establish its right of subrogation against petitioner's third-party settlement.[2] The matter was submitted to a Workers' Compensation Judge (WCJ) for resolution based upon a stipulation of facts. Based upon these facts, the WCJ concluded that employer was entitled to subrogate against petitioner's third-party recovery and granted employer's petition. The Board affirmed on appeal. In doing so, the Board stated: "[Employer] carried its burden of establishing a right of subrogation based on the negligence of Dr. Gottlieb in that [employer] showed the treatment by Dr. Gottlieb was related to the March 25, 1989 work injury." *Sharkey v. Sharkey's American Hardware*, A97–4222, slip op. at 4 (Workers' Compensation Appeal Bd., filed May 12, 1999). The present appeal followed.[3]

On appeal, petitioner contends that employer is not entitled to subrogate against her third-party recovery because employer failed to offer any evidence to establish that Dr. Gottlieb's alleged malpractice is causally related to the decedent's death by myocardial infarction. We agree.

Section 319 of the Act provides in pertinent part:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents against such third party to the extent of the compen-

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 671.

2. Pending resolution of employer's petition, petitioner agreed to place $80,000.00, the amount employer seeks in subrogation, into an escrow account.

3. Based on the issue raised, our review is limited to determining whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *Helms Express v. Workmen's Compensation Appeal Bd. (Lemonds),* 106 Pa. Cmwlth. 287, 525 A.2d 1269, 1270 (1987).

sation payable under this article by the employer; . . .

77 P.S. § 671. In order to establish a right of subrogation against a third-party recovery, an employer must demonstrate that it is required to make payments by reason of the negligence of the third-party and the fund to which it seeks subrogation was for the same compensable injury for which the employer is liable under the Act. *Dale Manuf. Co. v. Workmen's Compensation Appeal Bd. (Bressi)*, 491 Pa. 493, 497, 421 A.2d 653, 655 (1980), *quoting Dale Manuf. Co. v. Workmen's Compensation Appeal Bd. (Bressi)*, 34 Pa.Cmwlth. 31, 382 A.2d 1256, 1259 (1978).

In support of her position, petitioner cites our Supreme Court's decision in *Dale Manufacturing Co.* There, the employer sought to subrogate against the claimant's third-party recovery in a medical malpractice action filed against a physician who left a cottonoid pad in the claimant during surgery related to her work injury. The employer alleged that the doctor's negligence aggravated the work-related injury. However, the only evidence employer offered in support of its subrogation claim was the civil complaint filed against the doctor. The complaint failed to establish that the subsequent medical treatment the claimant underwent as a result of the forgotten cottonoid pad either aggravated the original work injury or caused a new and independent one. In such circumstances, our Supreme Court concluded that the employer had failed to sustain its burden of proving that it was entitled to subrogate against the third-party recovery and that employer's evidence was insufficient to support the referee's findings with respect to subrogation. 491 Pa. at 498–99, 421 A.2d at 655–56. As in *Dale*, the employer here has also failed to offer sufficient evidence to meet its burden of proof. The only evidence submitted before the referee regarding the third-party action is the joint stipulation of facts, which deals primarily with the procedural history of the case. The relevant paragraphs provide only that:

23. The [petitioner] then became involved in a medical malpractice action filed against the decedent's family practitioner Marshall Gottlieb, M.D. (Dr. Gottlieb did testify on behalf of the claimant/decedent in the underlying workers' compensation petition.)

24. A resolution of the medical malpractice action was reached by [petitioner,] claimant's widow and the insurance carrier for Dr. Gottlieb. The [petitioner] received approximately [$700,000.00] from this settlement.

Stipulation at paragraphs 23 and 24, Exhibit B–1. The above stipulated facts are woefully inadequate to support employer's burden in this action. There is no evidence of record linking petitioner's malpractice action to treatment rendered by Dr. Gottlieb to petitioner's husband; nor is there any evidence that such treatment was related in some manner to the original compensable injury or the subsequent myocardial infarction. Indeed, it is impossible to tell for what claimant's decedent was being treated when the malpractice occurred, or what injuries the malpractice caused, let alone that they caused a compensable injury under the Workers' Compensation Law. Therefore, the Board and WCJ erred in concluding that employer had met its burden of proof. Accordingly, the order of the Board is reversed.[4]

### ORDER

AND NOW, this 21st day of December, 1999, the order of the Workers' Compensation Appeal Board in the above captioned matter is reversed.

---

**4.** Petitioner also raised the argument in the instant appeal that employer was not entitled to subrogate against the proceeds of her medical malpractice action because such action arose out of the maintenance and use of a motor vehicle. Due to our conclusion that employer has failed to meet its burden of proof with respect to its right of subrogation, we need not resolve this second contention.