Dale Manufacturing Co., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Edith Bressi, Respondents.

32

Argued January 30, 1978, before Judges CRUM-LISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for petitioner.

*Bruce E. Cooper,* with him *Cooper and Butler* and *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE WILKINSON, JR., February 28, 1978:

Petitioner appeals the denial by the Workmen's Compensation Appeal Board of a request to suspend compensation payments and for subrogation rights to a fund created by the settlement of a malpractice claim by a Respondent (Claimant).

Claimant, an employee of Dale Manufacturing Company, injured her back at work on January 23, 1970. Medical diagnosis indicated she had suffered a ruptured disc in the accident and on February 18, 1970 she underwent an operation for the removal of the disc. The physician's prognosis was that she would be able to return to work and perform her regular duties in approximately four months. Following the operation, however, Claimant did not so recover and an infection developed which prevented the wound from healing. After more than a year of treatment for this infection, she underwent a second operation in March 1971 during which it was discovered that a cottonoid padding had been left in the wound at the time of the first operation which had apparently caused the infection and prevented the incision from healing properly.

An open compensation agreement was entered into on April 2, 1970, under which Claimant was to receive compensation at the rate of $42.06 per week beginning January 31, 1970 and for medical and hospital expenses. Pursuant to this agreement Petitioner made medical payments of $1,803.70 for the two surgical operations and also made compensation payments during the period between the two operations. In September 1971 Claimant instituted a civil suit against the physician to recover damages that resulted when the cottonoid padding was left in the incision. This action resulted in a settlement before trial in which Claimant received $30,000.

Petitioner, through its insurance carrier then filed a petition to suspend payments and determine rights of subrogation, alleging the negligence of the physician had caused an aggravation of the original injury. In her answer and new matter, Respondent alleged her disability caused by the cottonoid padding had ter-

minated when the padding was removed and the incision healed and asserted that subsequent to that time her continuing disability was the result of the original injury which surgery failed to cure. At a hearing on the petition held on February 20, 1975, Petitioner placed in the record the complaint filed by the Claimant in the Court of Common Pleas of Montour County against the physician. No other evidence or testimony was presented. The referee found the insurance carrier was entitled to subrogation. The Board vacated the referee's order. We affirm.

Petitioner has framed two questions in this appeal: (1) Where the original compensable injury is aggravated by the negligence of a physician treating the injury is the employer subrogated to the funds recovered in a settlement of a claim against the physician; and (2) Even if the injuries caused by the medical treatment were different from those sustained in the original accident should subrogation against the funds be awarded?

Petitioner's claim to subrogation is based on Section 319 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §671 which provides in relevant part:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of compensation payable under this article by the employer. . . .

The rationale for this right of subrogation was noted in *Stark v. Posh Construction Co.,* 192 Pa. Superior Ct. 409, 162 A.2d 9 (1960) where the Court stated equity requires the employer should not be compelled to make compensation payments to his em-

ployee made necessary by the negligence of a third party and further that the injured person should not recover double for the same damage.

Where the negligent conduct of a third party occurs while the employee is actually engaged in the business of his employer there is a clear right of the employer under Section 319 to subrogation. *See Bumbarger v. Bumbarger,* 190 Pa. Superior Ct. 571, 155 A.2d 216 (1959). But where, as here, the negligent conduct occurs after the original accident and injury, the statute, and its equitable underpinnings require the injuries be examined with closer scrutiny. Consequently when this Court considered the employer's right to subrogation to a fund created by a malpractice settlement in *Savage v. Jefferson Medical College Hospital,* 7 Pa. Commonwealth Ct. 35, 298 A.2d 694 (1972), we held that where the negligent treatment results in a new and different injury separate and apart from the original compensable injury the employer receives no subrogation rights.

The import of *Savage* and *Stark, supra,* to the case at bar is clear: in order to establish a right of subrogation the employer must show he is compelled to make payments by reason of the negligence of a third party and the fund to which he seeks subrogation was for the same compensable injury for which he is liable under the Act. Petitioner contends he has established these factors and shown that the injuries sustained by Claimant as a result of the malpractice were an aggravation of her original back injuries by his submission of Claimant's civil complaint against the physician. We do not think the complaint is conclusive.

Initially, we note that where assertions of fact are made in a pleading, these averments may constitute "judicial admissions." *Tops Apparel Manufacturing Co., Inc. v. Rothman,* 430 Pa. 583, 244 A.2d 436 (1968).

But, even though pleadings are admissable in subsequent proceedings, such pleadings are conclusive in their nature only in the cause of action in which they are filed. *Ham v. Gouge,* 214 Pa. Superior Ct. 423, 257 A.2d 650 (1969). Therefore, we do not believe, as Petitioner asserts, that the Claimant cannot, in answer and new matter to the petition to suspend payments, later contradict these averments, particularly where there has been no previous determination of fact, no adjudication or any other binding action between the parties. *See Ham, supra.*

But given the admissibility of the complaint, we must ask: Does the complaint by clear and unequivocal evidence show the Claimant asserted therein that the physician's conduct had caused an aggravation of her injuries? In support of an affirmative answer, Petitioner bottoms his argument on Paragraph 23 of the complaint which states:

> As a further result of the negligence of the defendant [physician] and the resulting injuries, the Plaintiff, Edith J. Bressi, has suffered the following damages: . . . (f) she will be totally and permanently disabled which she would not have otherwise been.

However, this admission does not in any way show that the particular disability was an aggravation of the old injury or an entirely new and independent injury. The specific averments which preceded this conclusionary statement allege damages for the infection alone. Nowhere in the complaint does Claimant allege that the original back problem for which she sought treatment had been "aggravated" by the infection.

Where the employer seeks to change the status of the parties created by the compensation agreement by a Petition to Suspend Payments and to Determine

Subrogation, the employer has the burden of proof by clear and convincing evidence. *See Tioga Textiles Associates, Inc. v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 492, 319 A.2d 211 (1974). This Petitioner has failed to do for the reasons discussed herein. Likewise we find no merit to Petitioner's claim that Claimant failed to present evidence to rebut since it is only when the Petitioner has presented such evidence that the burden shifts to the Claimant.

Finally, Petitioner urges this Court to reject its holding in *Savage, supra.* This we are unwilling to do. If this Court is incorrect in its interpretation of the legislative intent, the remedy is in the hands of the legislature or the Supreme Court.

Accordingly, we will enter the following.

ORDER

AND Now, February 28, 1978, the decision of the Workmen's Compensation Appeal Board, No. A-716-92, dated December 16, 1975, is hereby affirmed.