421 A.2d 653

**DALE MANUFACTURING CO., Appellant,**

v.

**Edith BRESSI and Workmen's Compensation Appeal Board.**

Supreme Court of Pennsylvania.

Argued April 15, 1980.

Decided Sept. 22, 1980.

Reargument Denied Nov. 14, 1980.

494

Ronald M. Katzman, Harrisburg, for appellant.

Bruce E. Cooper, Harrisburg, for appellee (claimant).

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Allocatur brings for review an order of the Commonwealth Court that affirmed an order of the Workmen's Compensation Appeal Board, hereinafter "Board". Edith Bressi, claimant/appellee, injured her back during the course of her employment with employer/appellant, Dale Manufacturing Company, on January 23, 1970. As a result of her injury claimant suffered a ruptured disc, and on February 18, 1970, she underwent an operation for the removal of the disc. The parties entered into an open compensation agreement under which claimant was to receive weekly compensation plus medical and hospital expenses.

Claimant did not recover as her physician had predicted, and an infection developed which prevented the proper and speedy healing of the surgical wound. In March, 1971, claimant underwent a second operation during which her physician discovered that he had failed to remove a cottonoid pad from the wound during the initial operation. Six months later claimant filed a complaint in trespass alleging her physician's negligence. This action resulted in a $30,000 pre–trial settlement.

Pursuant to the compensation agreement, employer made medical payments for the two surgical operations and also made weekly compensation payments to claimant during the period between the two operations. On June 25, 1973, employer filed a Petition to Suspend Payments and to Determine Subrogation Rights. Employer alleged that the negligence of claimant's physician aggravated the initial injury. He therefore claimed that he was entitled to subrogation with respect to the settlement in order to recover previously paid compensation and medical expenses and to receive a credit for future payments to the extent of the remaining balance of the settlement. In claimant's responsive pleading she asserted that the disability resulting from her doctor's negligence lasted for a one–year period and terminated when the cottonoid pad was removed and the

wound finally healed. She further alleged that her continuing disability was the result of the original injury.

A hearing before a referee was held on February 20, 1975. The only evidence proffered by employer was a copy of the complaint claimant had filed against her physician in the malpractice action. Based only upon this complaint the referee found in favor of employer and directed subrogation. The Board reversed the referee, and Commonwealth Court affirmed the Board's decision. *Dale Manufacturing Company v. Workmen's Compensation Appeal Board*, 34 Pa. Cmwlth. 31, 382 A.2d 1256 (1978).

Employer's claim to subrogation is based upon Section 319 of The Pennsylvania Workmen's Compensation Act, hereinafter "Act", Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671, which provides, in pertinent part:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under this article [footnote omitted] by the employer...."

Employer correctly asserts that the rationale for this right of subrogation is threefold: to prevent double recovery for the same injury by the claimant, to ensure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party, and to prevent a third party from escaping liability for his negligence. *Stark v. Posh Construction Co.*, 192 Pa.Super. 409, 162 A.2d 9 (1960). As Judge Spaeth has noted, "[t]his result is just, because the party who caused the injury bears the full burden; the employee is 'made whole,' but does not recover more than what he requires to be made whole; and the employer, innocent of negligence, in the end pays nothing." *Arnold v. Brobonus*, 257 Pa.Super. 110, 116, 390 A.2d 271, 274 (1978) (Judge Spaeth concurring and dissenting). Thus, where a third party's negligent conduct causes injury to an employee actually engaged in the business of his employer, there is a clear, justifiable right to subrogation under Section 319 of the Act.

In the case at issue, however, the third party's negligent conduct occurred subsequent to the original, compensable injury. In order for employer to establish a right of subrogation in this case, the Commonwealth Court has said, "the employer must show he is compelled to make payments by reason of the negligence of a third party and the fund to which he seeks subrogation was for the same compensable injury for which he is liable under the Act." *Dale Manufacturing Company v. Workmen's Compensation Appeal Board, supra,* 34 Pa.Cmwlth. at 35, 382 A.2d at 1259.

The above assertion is based upon the rationale behind Section 319 of the Act as was noted in *Stark v. Posh Construction Company, supra,* and the distinction drawn in *Savage v. Jefferson Medical College Hospital,* 7 Pa.Cmwlth. 35, 298 A.2d 694 (1972). The court in *Savage* drew a distinction between new and independent injuries caused by a third party and those that aggravate or extend the initial compensable injury, holding that only the latter entitled an employer to subrogation rights. Appellant argues that this distinction is an artificial, improper one and should be abandoned. Given the dearth of evidence presented in the instant case, we are unable to evaluate such a claim.

As noted above, the sole evidence that employer submitted at the hearing before the referee, the fact finder, was the civil complaint claimant had filed against her physician. Employer offered no medical evidence to explain the effect of the medical treatment upon the original compensable injury nor did he request the appointment of an independent medical examiner. Employer, relying upon *Tops Apparel Manufacturing Company v. Rothman,* 430 Pa. 583, 244 A.2d 436 (1968), asserts that the averments contained in claimant's complaint against her doctor constituted "judicial averments" and may not now be contradicted.[1]

1. Employer also argues that whether claimant *may* contradict the averments is irrelevant; the important fact is that she did not. We disagree. To suggest claimant did not contradict averments made in the complaint is directly contradictory to statements contained in claimant's responsive pleading.

In *Tops Apparel,* we declared, "[a]dmissions of this type, i. e., those contained in pleadings, stipulations, and the like, are usually termed 'judicial admissions' (footnote omitted) and as such cannot later be contradicted by the party who has made them." (footnote omitted.) *Id.,* 430 Pa. at 587, 244 A.2d at 438, *citing,* Wigmore, Evidence § 1604(2) (3d ed. 1940). However, it is equally true that such pleadings are conclusive only in the cause of action in which they are filed. *Ham v. Gouge,* 214 Pa.Super. 423, 257 A.2d 650 (1969). As the Superior Court stated, "[a] prior inconsistent statement in another action does not estop the party from taking a different position in a subsequent independent suit." *Id., 214* Pa.Super. at 428, 257 A.2d at 653.

In the present case, employer seeks to establish evidence from pleadings which were filed in an unrelated case in which he was not a party and where factual issues were never determined because the case was settled out of court. Thus claimant may assume a different position from that taken in the prior action since there has been no adjudication or other binding action by the parties.

In a termination proceeding the employer has the burden of proving that the disability has ceased. *Empire Kosher Poultry; Inc. v. Workmen's Compensation Appeal Board,* 43 Pa.Cmwlth. 394, 402 A.2d 561 (1979). Our scope of review where, as here, the party with the burden of proof has prevailed before the referee and the Board has not taken additional evidence is limited to a determination of whether constitutional rights were violated, an error of law was committed or necessary findings of fact were unsupported by substantial and competent evidence. *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.,* 479 Pa. 286, 388 A.2d 659 (1978). *Accord, Katz v. Evening Bulletin,* 485 Pa. 536, 403 A.2d 518 (1979).

Employer failed to offer medical testimony in support of his position and chose instead to rely solely on claimant's third party complaint. There is nothing in the complaint to establish that the subsequent medical treatment necessitated

by the forgotten cottonoid pad either aggravated the original injury or caused a new and independent one.[2] Clearly, employer has not sustained his burden of proof by clear and convincing evidence; thus, there is not substantial and competent evidence upon which the referee's factual findings may be based. Accordingly, the Order of the Commonwealth Court is affirmed.

**2.** Such evidence is necessary for any evaluation of the Commonwealth Court's holding in *Savage v. Jefferson Medical College Hospital, supra.* It is impossible (1) to determine whether claimant's subsequent injuries were new and independent or merely an aggravation of the original compensable injury or (2) to analyze the correctness in such a distinction, when there is a lack of competent evidence of record tending to establish either.