Maitland Brothers Co., Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Moser), Respondents.

Argued September 9, 1985, before Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas J. Williams,* with him, *Daniel K. Deardorff, Martson, Deardorff, Williams & Otto,* for petitioner.

*Bryan Craig Black, Frankel & Gates, P.C.,* for respondents.

OPINION BY SENIOR JUDGE BARBIERI, October 24, 1985:

Maitland Brothers Co., Inc., Employer, appeals here that portion of the order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of a referee granting to the Employer a credit in the amount of $15,000.00 against the Employer's liability for compensation payments, the $15,000.00 having been derived by Claimant from his settlement with a tort-feasor who struck and injured Claimant in an incident separate from the compensable one and occurring several months after the compensable work injury. We will affirm.

Claimant suffered a work injury to his back on May 9, 1980, for which he has been receiving compensation for undisputed total disability since that time. On February 6, 1981, while driving his automobile he was struck in the rear causing complaints for which he settled with this tort-feasor in the amount of $15,000.00. On employer's application by petition for termination to have its liability for Claimant's continuing disability terminated or diminished by reason of the collision on February 6, 1981, the referee found that "[p]art of the Claimant's injury and disability since February 6, 1981 is related to that incident . . . ," but that "[t]here is no method whereby the injuries suffered by Claimant can be apportioned between Defendant-Carrier and third party tort-feasor since the injuries were to the same parts of the back." The referee added the following "CONCLUSIONS OF LAW":

2. Defendant-Carrier has failed to produce evidence that Claimant is but partially disabled or not disabled at all. The testimony of Dr. Ellison is clear that Claimant is totally disabled.

. . . .

4. Section 319 of the Workmen's Compensation Act provides for subrogation in a very broad way. The employer, and carrier may achieve a refund with few exceptions out of recovery against the third party tort-feasor *who caused the injuries for which compensation liability arose.* Claimant was progressing nicely after his operation, and there was talk between Dr. Ellison and Claimant over an uncertain date to return to work.

5. The accident to Claimant's back, in the very same place of the original accident 'in part' contributed to the *cessation of thought* of returning to work. Under the Act the Defendant-Carrier is subrogated to the right of the employee . . . against such third party to the extent of the compensation payable under article 319 by the employer; reasonable attorney fees and other proper disbursements incurred in obtaining a recovery or in effecting a settlement shall be prorated between Defendant-Carrier and employee.

6. Defendant-Carrier is entitled to have the $15,000 settlement from the tort-feasor treated as an advance payment of compensation.

7. Compensation is suspended until the $15,000 credit is exhausted. (Emphasis added.)

The referee's order dismissed the termination petition but included the following:

Defendants are directed to take a credit in the amount of $15,000 that Claimant received in a third party settlement. Upon exhausting said credit Defendants are to resume paying claim-

ant total disability compensation at the rate of $121.00 per week.[1]

On Appeal, the Board reversed this grant of credit to the Defendants.

At the outset, we note that there is, as the referee found, no basis on which the Claimant's involvement in the accident of February 6, 1981, could form the basis for decreasing or terminating benefits and, accordingly, we reach the conclusion that no relief in the nature of termination or suspension of benefits can be predicated upon the record in this case. For example, Dr. James H. Ellison, called by Defendant, provided the only medical testimony in the case which goes no further than that Claimant had "weakness in the same muscles where he had weakness when I originally saw him," but that "separation of Mr. Moser's symptoms at the present time into clearly defined incidents may be administratively desirable for the insurance company, but it is medically impossible." Accordingly, we must agree with the referee that the Employer is entitled to no relief from its obligations under the workmen's compensation laws.

We come now to the question of subrogation under Section 319 of the Workmen's Compensation Act (Act),[2] 77 P.S. §671, wherein it is pertinently provided:

> Where the *compensable injury* is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the

---

[1] We note that even if subrogation were permissible here, a grant of credit for the full recovery without charge for recovery costs and fees is clear error. *Workmen's Compensation Appeal Board v. Del Vecchio*, 23 Pa. Commonwealth Ct. 244, 351 A.2d 691 (1976); *Mazzeo v. M. & J. B. McHugh*, 199 Pa. Superior Ct. 400, 185 A.2d 638 (1962).

[2] Act of June 2, 1915, P.L. 736, *as amended*.

right of the employe, . . . against such third party to the extent of the compensation payable under this article by the employer. . . . (Emphasis added.)

As our emphasis has indicated, subrogation may only be achieved through a third party recovery to the extent that the damage caused by such third party has contributed to the "compensable injury." We take it, therefore, that Section 319 does not permit reduction in compensation liability for the compensable injury because of some recovery that takes place after such injury is incurred, particularly if such subsequent injury is not "in whole or in part" a contributing factor in the original *compensable* injury." Thus, since subrogation may only result where the same injury, or "the compensable injury," is the cause for the third party recovery, Section 319 may not afford relief here in the form of a credit to the employer as against its future liability for compensation payments. In fact, even where recoveries have been achieved against a third party for medical malpractice arising out of treatment for the original compensable injury, subrogation out of the malpractice recovery has been denied. *Dale Manufacturing Co. v. Workmen's Compensation Appeal Board,* 34 Pa. Commonwealth Ct. 31, 382 A.2d 1256 (1978), *aff'd,* 491 Pa. 493, 421 A.2d 653 (1980) ; *Savage v. Jefferson Medical College Hospital,* 7 Pa. Commonwealth Ct. 35, 298 A.2d 694 (1972). In *Dale,* we stated:

> *Where the negligent conduct of a third party occurs while the employee is actually engaged in the business of his employer* there is a clear right of the employer under Section 319 to subrogation. See Bumbarger v. Bumbarger, 190 Pa. Super. 571, 155 A.2d 216 (1959). But where, as here, the negligent conduct occurs after the

original accident and injury, the statute, and its equitable underpinnings require the injuries be examined with closer scrutiny. Consequently when this Court considered the employer's right to subrogation to a fund created by a malpractice settlement in Savage v. Jefferson Medical College Hospital, 7 Pa. Cmwlth. 35, 298 A.2d 694 (1972), we held that where the negligent treatment results in a new and different injury *separate and apart from the original compensable injury* the employer receives no subrogation rights.

The import of Savage and Stark,[3] supra, to the case at bar is clear: in order to establish a right of subrogation the employer must show he is compelled to make payments by reason of the negligence of a third party and the fund to which he seeks subrogation was for the same *compensable injury* for which he is liable under the Act. (Emphasis added.)

Since the negligent conduct of the third party in this case did not occur while the employee was actually engaged in the business of his employer and whatever injury was caused by the third party was separate and apart from the original compensable injury, we can find no error in the Board's decision to disallow the requested credit for recovery from the third party. Accordingly, for the reasons stated, we will affirm.

## ORDER

Now, October 24, 1985, the order of the Workmen's Compensation Appeal Board, dated September 13, 1984, at No. A-86204, is affirmed.

---

[3] *Stark v. Posh Construction Co.*, 192 Pa. Superior Ct. 409, 162 A.2d 9 (1960).