835 A.2d 1273

**BRUBACHER EXCAVATING, INC.,** Appellant,

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (BRIDGES),** Appellee.

Supreme Court of Pennsylvania.

Argued Dec. 3, 2002.

Decided Nov. 20, 2003.

---

Andrew E. Greenberg, Peter J. Weber, Pittsburgh, for Brubacher Excavating, Inc.

James A. Holzman, Harrisburg, Amber Marie Kenger, Mechanicsburg, for W.C.A.B.

Joan E. London, Reading, for James Bridges.

Before CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## *OPINION*

Chief Justice CAPPY.

In this appeal, we consider the boundaries of the statutory provision of the Workers' Compensation Act that grants an employer the right of subrogation when a third party is found to have caused an employee's compensable injury, 77 P.S. § 671 ("Section 319"). Specifically at issue is whether Section 319 permits subrogation when an injured employee who is receiving workers' compensation benefits returns to work for a third-party employer after partial recovery from a compensable injury, the third-party employer wrongfully terminates the employee, and thereafter, the employee obtains a recovery for his termination pursuant to the Americans with Disabilities Act. While we reaffirm the significance and the strength of the statutory doctrine of subrogation in our workers' compensation system, based upon the plain language of Section 319— which only allows subrogation where the third party *causes* the employee's compensable injury—we hold that in the context of a wrongful termination of an employee by a third-party employer, subrogation is not available. Thus, we affirm the order of the Commonwealth Court.

The facts underlying this appeal are not in dispute. Appellee James Bridges worked as a Master Mechanic for Appellant Brubacher Excavating, Inc. In September 1992, Bridges injured his back while lifting a cylinder head from an engine, and as a result began receiving total disability benefits in the amount of $455.00 per week. In July 1993, Bridges was released by his physician to return to light-duty work. Acting on Brubacher's referral, Bridges sought and obtained a position with Diesel Services, Inc., as a Service Writer/Service Advisor. Bridges began working for Diesel Services in November 1993, earning approximately $400.00 per week and receiving partial disability benefits of $245.26 per week for his back injury.

Later that month, however, Bridges was terminated from his employment because Diesel Services' workers' compensation insurance carrier refused to extend coverage to Bridges. Upon his termination, Brubacher resumed receiving total disability benefits from Brubacher. Later, in February 1995, Bridges filed suit against Diesel Services in the United States District Court for the Eastern District of Pennsylvania, claiming that Diesel Services had violated the Americans with Disabilities Act, 42 U.S.C. § 12101, when it terminated him.

When Brubacher learned that Bridges had brought a civil action against Diesel Services, it sought subrogation against any recovery obtained by Bridges pursuant to Section 319 of the Workers' Compensation Act. The Americans with Disabilities Act litigation was settled in September 1996 for an undisclosed amount.

The Workers' Compensation Judge determined that Brubacher was not entitled to subrogation because the two injuries, Bridges' back injury and the unlawful termination, were different in both type and causation. The Workers' Compensation Appeal Board affirmed on the same basis. The Commonwealth Court, sitting *en banc*, similarly concluded that Diesel Services' discriminatory termination of Bridges was "totally unrelated" to Bridges' back injury, and therefore affirmed the decision of the lower administrative tribunals. *Brubacher Excavating v. WCAB (Bridges)*, 774 A.2d at 1279.

We granted Brubacher's petition for allowance of appeal to review the limits of the right to subrogation under Section 319 of the Workers' Compensation Act. For the reasons stated below, we affirm the decision of the Commonwealth Court.[1]

Subrogation in our workers' compensation system is a significant and firmly established right. Specifically, while subrogation is an important equitable concept that applies when-

1. Whether subrogation is available with respect to monies recovered due to the settlement of a civil rights action is a question of law. Thus, our standard of review is de novo. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary. *Buffalo Township v. Jones*, 571 Pa. 637, 813 A.2d 659, 664 n. 4 (2002).

ever a debt or obligation is paid by one party though another is primarily liable, *Smith v. Yellow Cab Co.*, 288 Pa. 85, 135 A. 858, 860 (1927), in the realm of workers' compensation, it has assumed even greater stature. Our Court has stated that the statutory right to subrogation is "absolute and can be abrogated only by choice." *Winfree v. Philadelphia Elec. Co.*, 520 Pa. 392, 554 A.2d 485, 487 (1989). This is so because the statute granting subrogation "clearly and unambiguously" provides that the employer "shall be subrogated" to the employee's right of recovery. *Id.; see also Thompson v. Workers' Comp. Appeal Bd. (USF & G Co.)*, 566 Pa. 420, 781 A.2d 1146, 1151, 1153 (2001) (Section 319 subrogation is automatic; *ad hoc* equitable exceptions do not apply to Section 319). Thus, the importance and strength of subrogation in our system of workers' compensation cannot be understated.

Yet, whether an employer is entitled to subrogation in any given case remains dependant upon the statutory provision that creates this right. Thus, we turn to the issue of whether the statutory provision granting subrogation, Section 319, affords Brubacher a right to subrogation over monies recovered by Bridges pursuant to the settlement of the Americans with Disabilities action against Diesel Service. As with all cases of statutory construction, we begin with the words of the statute. *Kmonk–Sullivan v. State Farm Mutual Auto. Ins. Co.*, 567 Pa. 514, 788 A.2d 955, 959 (2001).

In setting forth an employer's right to subrogation, the General Assembly made the key to subrogation the claimant's *injury*. Specifically, Section 319 of the Act permits subrogation only when a third party causes *"the compensable injury"*:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, . . . against such third party to the extent of the compensation payable under this article by the employer; . . . .

77 P.S. § 671.

Thus, only when a third party brings about the compensable injury will an employer's right to subrogation arise. "Com-

pensable injury" is not defined in the Act. However, "injury" is defined, and clearly denotes a physical or mental injury:

> The terms "injury" and "personal injury" as used in this act shall be construed to mean an injury to an employee, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury;....

77 P.S. § 411(1).

██ Furthermore, our case law has consistently interpreted the term "compensable injury" to have two components. The two components are (1) a work-related physical or mental injury suffered by a claimant and (2) some disability, i.e., a loss of earning power. *See, e.g., Metropolitan Edison Co. v. WCAB (Werner)*, 553 Pa. 177, 718 A.2d 759, 764 (1998) (a compensable injury under the Act requires proof of, *inter alia*, violence to the physical structure of the body or disease or infection, injuries sustained due to exposure to hazardous or toxic conditions of the workplace, or psychic injury); *Richards v. Unemp. Comp. Bd. of Rev.*, 564 Pa. 375, 768 A.2d 852, 856–57 n. 9 (2001) (compensable injury requires both injury and loss of earning power). Thus, pursuant to the plain terms of Section 319, an employer is entitled to subrogation when the third party causes a claimant's work-related physical or mental injury and that injury results in a loss of earning power. *Dale Mfg. Co. v. WCAB (Bressi)*, 491 Pa. 493, 421 A.2d 653, 654–55 (1980).

██ Applying this statutorily-based standard to the facts of the case, the third party employer Diesel Services did not "cause" claimant Bridges' compensable injury, i.e., cause *both* his physical injury and the resulting loss of earning power. While Diesel Services' actions may have resulted in a loss of earning power, it is not disputed that Diesel Services did not in whole or in part cause Bridges' physical injury. Thus, one of the necessary elements is missing, and subrogation is not available in this case.

In challenging this conclusion, Brubacher relies heavily on the policies underlying the right to subrogation in claiming a right to the settlement monies. Our Court has identified three underlying purposes for the Section 319 right to subrogation: (1) to prevent the employee from receiving a "double recovery" for the same injury; (2) to ensure that the employer is not compelled to pay compensation due to the wrongful act of a third party; and (3) to prevent a third party from escaping liability for its wrongful conduct. *Dale Mfg. Co.*, 421 A.2d at 654. Yet, Brubacher's argument regarding policy cannot trump or avoid the plain words of the statute which require causation of a compensable injury. "[W]hen the words of a statute are clear, the letter is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Thus, Brubacher's policy arguments, in light of the plain words of the statute, must fail.[2]

**2.** Furthermore, while rendered after the briefs were filed by the parties in this matter, our recent decision in *Poole v. WCAB (Warehouse Club, Inc.)*, 570 Pa. 495, 810 A.2d 1182 (2002), which speaks to subrogation under the Workers Compensation Act, does not compel a different result. In *Poole*, an employee was injured in a slip and fall accident in the course of his employment. For this work-related injury he began to receive workers compensation benefits. The employee's attorney brought a third party action on behalf of the employee, but brought the suit against the wrong party. The action was dismissed and by that point in time, the action could not be re-filed against the correct parties; the applicable statute of limitations had expired. The employee filed a legal malpractice action against the attorney alleging that the attorney had negligently failed to file the action against the correct parties. The legal malpractice action was settled, and the employer sought subrogation against the settlement monies. Our Court held that the proceeds of the legal malpractice were subject to subrogation. *Id.* at 1184–85. This was in spite of the employees assertion that subrogation was inappropriate because it was neither a compensable injury nor causally related to a work injury.

Underlying our upholding of subrogation in the context of a legal malpractice action in *Poole* was the critical requirement that to establish legal malpractice, one must also establish the underlying cause of a compensable injury. As stated by our Court in *Poole*, "[i]t is this elemental requirement of proving the case within the case that makes a legal malpractice action unique." *Poole*, 810 A.2d at 1184. Thus, in *Poole*, the malpractice claim was deemed to be, in essence, a conduit for the underlying tort claim, which necessarily encompassed proof of the underlying physical injury and its cause. "[T]he employee must demonstrate not merely an injury as a result of the malfeasance of his previous counsel, but also the malfeasance of the original tortfeasor

In sum, the plain language of Section 319 requires an employer to establish that a third party caused the *"compensable injury"* before subrogation is permitted. A compensable injury is both a physical or mental injury and a loss in earning power. Here, Brubacher could not prove that Diesel Services caused Bridges' compensable injury because Diesel Services' act of wrongfully terminating Bridges did not cause in whole or in part Bridges' physical injury. Thus, Section 319's statutory requirement of causation of a compensable injury has not been met and Brubacher is not entitled to subrogation. 77 P.S. § 671.

The order of the Commonwealth Court is affirmed.

Former Chief Justice ZAPPALA did not participate in the decision of this case.

Justice NIGRO files a dissenting opinion in which Justice NEWMAN joins.

Justice NIGRO, dissenting.

As I do not believe that the majority's holding can be reconciled with this Court's construction of section 319 in *Poole v. Workers' Comp. Appeal Bd. (Warehouse Club, Inc.)*, 570 Pa. 495, 810 A.2d 1182 (2002), and more fundamentally, with the policies underlying section 319's right to subrogation, I respectfully dissent and would reverse the decision of the Commonwealth Court.

Section 319 of the Workers' Compensation Act (the "Act") provides, in relevant part, that:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such

which resulted in the underlying injury." *Id.* (emphasis supplied). Thus, subrogation in the context of a legal malpractice action satisfied the statutory requirement of establishing that the third party caused the compensable injury. The statutory requirements are simply not satisfied in this case where the third party did not cause the compensable injury.

third party to the extent of the compensation payable under this article by the employer. . . .

77 P.S. § 671. This rule is essentially designed to (1) prevent the employee from receiving a "double recovery" for the same injury, (2) ensure that the employer is not compelled to pay compensation due to the wrongful act of a third party, and (3) prevent a third party from escaping liability for its wrongful conduct. *Dale Mfg. Co. v. Bressi,* 491 Pa. 493, 421 A.2d 653, 654 (1980) (citation omitted); *see also Poole,* 810 A.2d at 1184 (Pa.2002) (noting above-stated purposes underlying section 319); *Bigley v. Unity Auto Parts, Inc.,* 496 Pa. 262, 436 A.2d 1172, 1178 (1981) (plurality) (noting that subrogation is provided in section 319 to prevent a "double recovery"). It therefore follows that an employer seeking to establish a right to subrogation under section 319 must show that (1) it is compelled to make payments by reason of the wrongful conduct of a third party, and (2) the fund from which it seeks subrogation is for the same compensable injury for which the employer is liable under the Act. *Dale Mfg.,* 421 A.2d at 655; *see also Poole,* 810 A.2d at 1184 (stating the above as the standard for subrogation); *Griffin v. Workers' Comp. Appeal Bd. (Thomas Jefferson Univ. Hosp.),* 745 A.2d 61, 64 (Pa.Commw.1999) (stating that the above applies in cases involving wrongful conduct of a third party occurring subsequent to the original injury); *Helms Express v. Workmen's Comp. Appeal Bd. (Lemonds),* 106 Pa.Cmwlth. 287, 525 A.2d 1269, 1271 (1987) (stating the above as the standard for subrogation).

Applying these standards here, it is clear that Brubacher is entitled to seek subrogation against Bridges' recovery for his termination from Diesel. The record and administrative findings in this case reflect that Brubacher's compensation obligation to Bridges increased from the partial disability rate of $245.26 to the total disability rate of $455.00 upon Diesel's alleged unlawful termination of Bridges. Thus, Brubacher was clearly compelled to make compensation payments by reason of the wrongful act of a third party. *See Poole,* 810 A.2d at 1184–85 (stating this criterion and implicitly holding it satisfied); *Helms Express,* 525 A.2d at 1271–72 (same). In

addition, both the workers' compensation benefits paid to Bridges and an alleged portion of the settlement Bridges obtained from Diesel were provided to compensate Bridges for lost wages. Therefore, there is an identity between the fund created by the workers' compensation arrangement and the fund created by the third-party settlement. *See Poole,* 810 A.2d at 1184–85 (stating this criterion and implicitly holding it satisfied); *Helms Express,* 525 A.2d at 1271–72 (same). Moreover, subrogation here is consistent with the three purposes underlying section 319 as it will (1) prevent Bridges from obtaining a "double recovery" by receiving compensation for wage losses from Brubacher and a civil recovery for wage losses from Diesel; (2) prevent Brubacher from being compelled to pay increased compensation based on Diesel's alleged wrongful act; and (3) operate to ensure that Diesel will not escape liability because Diesel is held solely responsible for the increased compensation owed to Bridges. Consequently, I would find that subrogation is appropriate in this case, but only to the extent that Bridges recovered from Diesel for lost wages, and only in the amount that Bridges' benefits increased as a result of his alleged unlawful termination by Diesel.[1]

The majority nevertheless concludes that section 319 does not authorize subrogation here because Diesel's alleged unlawful termination did not cause Bridges' back injury and thus, did not cause the "compensable injury" giving rise to Brubacher's workers' compensation obligation. However, we implicitly rejected a similar argument in *Poole v. Workers' Compensation Appeal Board (Warehouse Club, Inc.),* 570 Pa. 495, 810 A.2d 1182 (2002), a case which the majority relegates to a mere footnote in its opinion. *See* Op. at 1277 n. 2. In *Poole,* an employee was injured in a slip and fall accident in the course of his employment and consequently received workers' com-

1. In a dissenting opinion below, Judge Leadbetter, who was joined by Judge Pellegrini, also advocated that subrogation be permitted here. *Brubacher Excavating v. WCAB (Bridges),* 774 A.2d 1274, 1281 (Pa. Commw.2001) (Leadbetter, J., dissenting) (opining that Brubacher was entitled to recover because there was a causal relationship between Bridges' back injury and the alleged harm done by Diesel, and because Diesel's alleged act compelled Brubacher to increase the amount of compensation it provided to Bridges.)

pensation benefits. *Id.* at 1182. The employee subsequently filed a tort action seeking to recover damages from the third parties that were responsible for the slippery conditions, but due to an error on the part of his attorney, that action was dismissed and the tort claims lost. *Id.* at 1182–83. As a result, the employee filed a legal malpractice action against his attorney. *Id.* at 1182–83. The malpractice action was ultimately settled, and the employer sought subrogation against the settlement proceeds. *Id.* at 1183.

On appeal, this Court unanimously held that the proceeds of the legal malpractice action were subject to subrogation pursuant to section 319, in spite of the employee's assertion that subrogation was inappropriate because the legal malpractice had not caused his physical injury. *Id.* at 1184, 1185. In finding as such, we necessarily concluded that under section 319, a "compensable injury" that is caused by a third party is not strictly limited to a claimant's work-related injury, but rather also includes any wage loss that flows from the physical injury and for which the employer is required to provide compensation under the Act.[2] *See Richards v. Unemployment Comp. Bd. of Review,* 564 Pa. 375, 768 A.2d 852, 856, 857 n. 9 (2001) ("compensable injury" is not expressly defined in the Act, but rather "has acquired a particularized meaning through case law, which requires a claimant to demonstrate a causal relationship between the injury and employment to establish compensability," and "[e]ven with the necessary

---

**2.** While the majority attempts to distinguish *Poole* from the instant case by emphasizing that the employee's success on his legal malpractice claim hinged on his ability to establish the malfeasance of the underlying tortfeasor and thus, the "subrogation in the context of a legal malpractice action satisfied the statutory requirement of establishing that a third party caused the compensable injury," Op. at 1277 n. 2, the fact remains that the third-party attorney's legal malpractice in *Poole* did not cause the employee's work-related injury and yet we permitted the employer to be subrogated to the rights of the employee against the attorney. *See* 77 P.S. § 671 ("Where the compensable injury is caused in whole or in part by the act or omission *of a third party,* the employer shall be subrogated to the right of the employe ... his personal representative, his estate or his dependents, *against such third party* ....") Accordingly, in my view, *Poole* clearly indicates that the third party from whom subrogation is appropriate need not have caused the employee's *physical injury.*

causal relationship, an injury is not compensable unless it results in some disability, *i.e.,* a loss of earning power"); *cf. Mitchell v. Workers' Comp. Appeal Bd. (Steve's Prince of Steaks),* 572 Pa. 380, 815 A.2d 620, 624 (2003) ("disability" for workers' compensation purposes is synonymous with the loss of earning power attributable to a work-related injury). Significantly, we also noted in *Poole* that the result we reached was mandated by the underlying functions of section 319 to make the employee whole without conferring a "double benefit" and to prevent the employer from being made to pay benefits for the wrongful act of a third party. *Id.* at 1185.

Here, as in *Poole,* and for the reasons stated above, I believe that subrogation is appropriate in spite of the fact that the third party's act did not itself cause the claimant's physical injury. *See id.* at 1184. To conclude otherwise, as the majority does, is not only inconsistent with *Poole,* but also leads to the unjust result that Bridges will realize a "double recovery" of both workers' compensation benefits and a civil recovery that allegedly includes payment for lost wages. *See* 1 Pa.C.S. § 1922(1) (stating presumption that, in matters of statutory construction, "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"). Moreover, it essentially ignores cases decided in the Commonwealth that have broadly interpreted section 319 in accord with its purposes. *See Brown v. Travelers Ins. Co.,* 434 Pa. 507, 254 A.2d 27, 29 (1969) (plurality) ("employer" as used in section 319 must include "insurer" so as to allow insurer to subrogate); *Donaldson v. Workers' Comp. Appeal Bd. (Pennsylvania Workers' Comp. Sec. Fund),* 728 A.2d 994, 994–95 (Pa.Commw.1999) ("employer" as used in section 319 must include workers' compensation security fund so as to allow fund to subrogate); *Helms Express,* 525 A.2d at 1271–72 (proceeds of third-party medical malpractice action subject to subrogation although malpractice was not the work-related injury); *Powell v. Sacred Heart Hosp.,* 99 Pa.Cmwlth. 575, 514 A.2d 241, 243–44 (1986) (same); *see also Graham v. Liberty Mut. Group,* No. 97–4507, 1998 WL 961376, at *8–*9, 1998 U.S. Dist. LEXIS 20026, at *25–*26 (E.D.Pa. Dec. 15, 1998)

(pre-*Poole* decision holding proceeds of third-party legal mal-practice settlement subject to subrogation although legal mal-practice was not the work-related injury); *cf. Workmen's Comp. Appeal Bd. v. Ira Berger & Sons,* 470 Pa. 239, 368 A.2d 282, 284–85 (1977) (allowing compensation, and implicitly sub-rogation, where there was a causal relationship between the work-related injury and medical complication caused by chiro-practor); *Hornetz v. Philadelphia & Reading Coal & Iron Co.,* 277 Pa. 40, 120 A. 662, 663 (1923) (allowing compensation, and implicitly subrogation, where there was a causal relation-ship between the work-related finger injury and the employ-ee's death due to a heart complication).

I note that my recommended application of section 319 in this case is prompted to a significant degree by the unique factual circumstances of this case, where the third party did not cause the work-related physical injury but did cause a wage loss that was precipitated by the work-related injury. *See Dale Mfg. Co. v. Workmen's Comp. Appeal Bd.,* 34 Pa. Cmwlth. 31, 382 A.2d 1256, 1259 (1978) (where the third-party conduct occurs after the original injury, the injury for which subrogation is claimed must be examined with "closer scruti-ny"), *aff'd sub nom. Dale Mfg. Co. v. Bressi,* 491 Pa. 493, 421 A.2d 653 (1980); *see also Maitland Bros. Co. v. Workmen's Comp. Appeal Bd. (Moser),* 92 Pa.Cmwlth. 421, 499 A.2d 713, 716 (1985) (same). I would therefore hold that section 319 of the Act allows Brubacher to recover from the proceeds of Bridges' third-party settlement with Diesel, but only to the extent that Bridges recovered wage losses from Diesel and only in the amount that Bridges' benefits increased as a result of Diesel's alleged wrongful act. However, because the record does not contain any financial details relating to Bridges' settlement with Diesel, I cannot ascertain the exact amount of Bridges' wage loss recovery. Thus, I would remand the matter to permit Brubacher the opportunity to prove whether wage losses were included in the settlement Bridges obtained from Diesel.

Justice NEWMAN joins.