IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Todd,                   :
           Petitioner        :
                                :
       v.                         : No. 505 C.D. 2020
                                : SUBMITTED: October 23, 2020
Workers' Compensation Appeal    :
Board (Fastrack Construction Inc.),   :
               Respondent     :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                            FILED: March 23, 2021

James Todd (Claimant) petitions this Court for review of the April 30, 2020 order of the Workers' Compensation Appeal Board (Board), reversing the decision of a workers' compensation judge (WCJ), in which the WCJ eliminated the right of Fastrack Construction Inc. (Employer) to seek subrogation for its payment of Claimant's ongoing medical benefits. The WCJ based her decision on *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 186 A.3d 947, 958 (Pa. 2018) (*Whitmoyer II*), in which our Supreme Court held that an employer's right to subrogation under Section 319 of the Workers' Compensation Act (Act)[2] for

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671. Section 319 of the Act provides:

[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, **the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under this**

payment of "future instal[l]ments[3] of compensation" did not encompass a claimant's future medical expenses. In adjudicating Employer's appeal, the Board declined to follow *Whitmoyer II*, based on an agreement executed by Claimant and Employer in which Employer expressly retained its right to subrogation for the payment of ongoing medical expenses. After review, we reverse the Board and remand this matter for further proceedings.

## I.    Background

The facts underlying this matter are undisputed. Claimant sustained a work-related injury on August 10, 2010, which included sprains to his left hip, sprains to his cervical, dorsal, and lumbar spine, lumbar disc herniation, lumbar radiculopathy, and inflammation of his right trapezoid. Certified Record (C.R.), Item No. 18 at 6. On October 21, 2016, a WCJ issued an order approving a Compromise and Release Agreement (C&R) between the parties. *Id.* The C&R resolved all issues related to Claimant's receipt of indemnity benefits by means of a $195,000 lump sum payment, the proceeds of which would not be added to the total amount of Employer's accrued workers' compensation lien. *Id.* at 7. Employer agreed to pay for Claimant's ongoing medical treatment and expressly retained its "full subrogation rights" for any indemnity benefits paid prior to the $195,000 lump sum payment, for any previously paid medical benefits, and "for all ongoing medical expenses." *Id.*

---

**article** by the employer . . . . Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe . . . and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671 (emphasis added).

[3] While the Act refers to "instalments of compensation," we shall use the commonly accepted spelling of "installments" herein.

2

Pertinently, in signing the C&R, Claimant agreed that he understood the C&R's full legal significance with regard to a pending third-party claim. *Id.* at 8.

Approximately six weeks later, on December 1, 2016, this Court filed its decision in *Whitmoyer v. Workers' Compensation Appeal Board (Mountain Country Meats)*, 150 A.3d 1003 (Pa. Cmwlth. 2016) (*Whitmoyer I*), *rev'd*, *Whitmoyer II*, the relevant facts of which are as follows. The claimant, Craig Whitmoyer (Whitmoyer), sustained a work-related injury in January 1993, resulting in the partial amputation of his arm. *Id.* at 1005. In April 1999, Whitmoyer obtained a third-party settlement agreement (TPSA), which entitled his employer, Mountain Country Meats, to a subrogation lien for previously paid workers' compensation benefits. *Id.* at 1006. Whitmoyer's employer remained responsible for the payment of 37% of his future medical expenses, until the balance of the recovery fund was exhausted. *Id.* In a letter dated May 26, 1999, Whitmoyer's counsel (Counsel) forwarded a check to Whitmoyer's employer to cover the past lien amount that had accrued. *Id.* Counsel advised Whitmoyer's employer that any future subrogation credit would not apply to his future medical bills, as they did not constitute "installments of compensation" under Section 319 of the Act. *Id.*

Whitmoyer's employer paid the full balance of his medical bills for several years. *Id.* Approximately 13 years later, in September 2012, his employer filed a petition seeking a modification to the TPSA to reflect the medical expenses it had paid in full. *Id.* at 1006-07. A WCJ granted the petition and reduced the percentage of the employer's liability for Whitmoyer's future medical expenses. *Id.* at 1007. Whitmoyer appealed to the Board, arguing that Section 319 of the Act only permits a credit for future payment of indemnity benefits. *Id.*

3

The Board agreed with the WCJ, holding that medical expenses were compensation payments subject to subrogation in the event of a third-party recovery. *Id.* at 1008. This Court affirmed the Board, noting that Pennsylvania courts have long recognized that an employer is entitled to recover from the proceeds of a claimant's third-party recovery, up to the total amount of that recovery. *Id.* at 1011. While prior decisions of this Court considered whether "compensation," as used in the Act, included payments for medical expenses, we had not addressed the General Assembly's use of the term "installments" in Section 319. *Id.* at 1012-13. As to that, we reasoned that future medical expenses, which may occur periodically over time, are typically not payable in a lump sum. *Id.* at 1015. Accordingly, in keeping with the General Assembly's objective in enacting Section 319 of the Act, we opined that the phrase "installments of compensation" encompassed medical expenses as well as indemnity benefits. *Id.* Whitmoyer filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court on December 29, 2016.

Instantly, on December 22, 2016, Claimant executed a TPSA following his receipt of a third-party recovery in the amount of $750,000. C.R., Item No. 17. Pursuant to Section 121.18(a) of the regulations promulgated by the Department of Labor and Industry (Department), which govern the Bureau of Workers' Compensation (Regulations),[4] the parties utilized a Department form, the LIBC-380, to memorialize the terms of the TPSA, which in part calculated the distribution of proceeds from Claimant's third-party recovery "[i]n accordance with Section 319 of the [Act]." C.R., Item No. 17. Employer's accrued workers' compensation lien for previously paid indemnity and medical benefits totaled $470,457.20. *Id.* This

---

[4] 34 Pa. Code § 121.18(a) (LIBC-380 "shall be executed" if an employee obtains a third-party recovery under Section 319 of the Act).

4

amount was reduced to $332,517.20, after deduction of Employer's proportionate share of litigation expenses incurred in obtaining the third-party recovery.[5]  *Id.* Claimant's balance of recovery, after deduction of Employer's accrued lien, totaled $279,542.80.  *Id.*  This sum represented the amount of Employer's subrogation interest.  *Id.*  Going forward, Employer was responsible for 29.33% of Claimant's "future weekly benefits and medical expenses," until the $279,542.80 subrogation interest was exhausted.[6]  *Id.*

Additionally, in a section of the LIBC-380 reserved for "Further Matters Agreed Upon," the TPSA provided that Employer would accept $280,000 "*in full and final reimbursement of its lien for workers' compensation benefits* paid to or on behalf of [Claimant.]"  *Id.*  Employer retained, however,

> all rights to future credit/offset as determined by the "gross method" calculation set forth in [the TPSA], or in the amount of [Claimant's] "actual net recovery" from his third[-]party claim after reduction for [attorneys'] fees, costs of suit, and [Employer's] lien reimbursement, whichever is greater.

*Id.* (emphasis added).

Put simply, Claimant could satisfy Employer's $332,517.20 accrued workers' compensation lien upon payment of $280,000.  In exchange for waiving its right to immediate payment of the remaining balance of $52,517.20, Employer retained its right to a credit in this amount against Claimant's future medical expenses, as well as a subrogation interest in the amount of $279,542.80.  Employer's credit against Claimant's future medical expenses would include any additional funds received by

---

[5] The TPSA reflects that litigation expenses totaled $220,000.  C.R., Item No. 17.

[6] Given that Claimant's receipt of future indemnity benefits was resolved through the C&R, this provision was necessarily limited to Claimant's future medical expenses.

Claimant in the third-party action, in the event his net recovery exceeded the amount calculated in the TPSA. *Id.*

Approximately 18 months later, on June 19, 2018, our Supreme Court reversed the decision this Court issued in *Whitmoyer I.* The Supreme Court recognized that the term "compensation," as used elsewhere in the Act, could encompass payment of both indemnity and medical expenses. *Whitmoyer II*, 186 A.3d at 949. That term was distinct, however, from "installments of compensation," the plain meaning of which was compensation paid in installments. *Id.* The Supreme Court reasoned that, unlike indemnity benefits, the amount of future medical expenses would be unknown at the time of a third-party settlement and, therefore, the term "installments of compensation" did not refer to medical expenses. *Id.* at 957-58. To conclude otherwise would render the words "installments of" meaningless. *Id.* Accordingly, the Supreme Court held that an employer's right to subrogation of a claimant's third-party recovery under Section 319 of the Act is limited to the claimant's receipt of future disability benefits. *Id.*

Instantly, citing *Whitmoyer II*, Claimant filed a review petition on October 17, 2018, seeking to eliminate Employer's right to future subrogation credit against Claimant's ongoing medical benefits. C.R., Item No. 2. Relying on *Whitmoyer II's* central holding that only future indemnity benefits are subject to such a credit under Section 319 of the Act, the WCJ granted Claimant's review petition in a decision and order circulated on April 23, 2019. *Id.*, Item No. 5.

Employer appealed to the Board, arguing that *Whitmoyer II* should not apply retroactively as Employer executed the C&R with the express understanding it would be entitled to an ongoing future credit for payment of Claimant's medical expenses. *Id.*, Item No. 6.

6

The Board agreed with Employer, finding that *Whitmoyer II* was distinguishable on the facts, as the parties in that matter utilized a boilerplate form (LIBC-380) when executing their TPSA and Whitmoyer's employer fully paid his medical expenses for 13 years before unilaterally seeking its right to a subrogation credit. C.R., Item No. 12, at 3. In the instant matter, the Board found that Claimant bargained for, and agreed to, the terms in the C&R and the TPSA, each of which provided that Employer retained its future subrogation rights with regard to payment of Claimant's future medical expenses. *Id.* Furthermore, the Board noted, the instant matter was not pending appellate review when the decision in *Whitmoyer II* issued. *Id.* Consequently, the Board opined that *Whitmoyer II* should not invalidate the "otherwise valid agreements" executed by Claimant and Employer and reversed the WCJ. *Id.* at 4-5. This appeal followed.[7]

## II. Analysis

Claimant argues that the Board erred in reversing the WCJ because, under *Whitmoyer II*, employers are no longer permitted to subrogate future medical expenses against third-party settlements, including those executed prior to June 19, 2018, the date *Whitmoyer II* was decided.[8] Claimant asserts that the Supreme Court announced a new rule of law when it decided *Whitmoyer II*, and retroactive application of that decision is a matter of judicial discretion.

---

[7] Our review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

[8] A September 1, 2020 order of this Court directed Employer to file its brief within 14 days. Employer failed to comply and was subsequently precluded from filing a brief by order of this Court dated October 21, 2020.

Before we address the retroactive application of *Whitmoyer II*, we must first review the extent to which that decision applies in the instant matter. In *Whitmoyer II*, the claimant's balance of recovery was $189,416.27, an amount which exceeded his employer's net subrogation lien by $81,627.17. *Whitmoyer II*, 186 A.3d at 950.

In analyzing whether Whitmoyer's employer had a subrogation interest against his future medical expenses, the Supreme Court observed that Section 319 addresses two distinct scenarios. Under the first scenario, the employer had a claim against the claimant's third-party recovery for indemnity benefits and medical expenses it paid "to the date of the third-party recovery . . . ." *Id.* at 955 (internal citations omitted). This claim constituted the employer's accrued lien. *Id.* The second scenario related to the disposition of the net settlement proceeds, which was the amount of the claimant's recovery remaining after deducting his employer's accrued lien. *Id.* This "excess recovery" was to be paid to the claimant as "an advance payment by the employer on account of any future installments of compensation," which were limited to the payment of indemnity benefits. *Id.* at 956; 77 P.S. § 671. Accordingly, an employer whose accrued lien was satisfied at the time of the third-party settlement may not seek reimbursement for future medical expenses from an employee's balance of recovery. *Whitmoyer II*, 186 A.3d at 958.

Instantly, the proceeds of Claimant's $750,000 third-party recovery well exceeded Employer's accrued lien of $332,517.20, leaving Claimant with a balance of recovery in the amount of $279,542.80. Prior to *Whitmoyer II*, Employer had the unquestioned right to a credit against its payment of Claimant's future medical bills up to the amount of this balance of recovery. This right would no longer exist, however, in the wake of *Whitmoyer II*. In concluding that *Whitmoyer II* was inapplicable, the Board considered the additional terms set forth in the TPSA, as

8

well as the terms negotiated in the C&R, which resolved Claimant's right to future indemnity benefits through a $195,000 lump sum payment. The parties' deviation from the boilerplate language in the LIBC-380, and Claimant's receipt of $195,000, contributed to the Board's determination that Employer's future subrogation rights remained unaltered by *Whitmoyer II*.

Our review of the pertinent provisions in the C&R and TPSA leads us to the opposite conclusion, as those provisions did not grant Employer subrogation rights to which it was not already entitled. Our courts have consistently held that an employer's right to subrogation under Section 319 of the Act is "'statutorily absolute and can be abrogated only by choice.'" *Thompson v. Workers' Comp. Appeal Bd. (USF&G Co. & Craig Welding Equip. Rental)*, 781 A.2d 1146, 1152 (Pa. 2001) (quoting *Winfree v. Phila. Elec. Co.*, 554 A.2d 485, 487 (Pa. 1989)). Where an employee's work injury is caused by the negligent conduct of a third party, "there is a clear, justifiable right to subrogation under Section 319 of the Act." *Id.*; *Dale Mfg. Co. v. Bressi*, 421 A.2d 653, 654 (Pa. 1980).

While Employer waived its right to immediately collect a portion of its accrued lien, it expressly reserved a right to reimbursement of that amount through a credit against Claimant's future medical bills. Therefore, Employer's right to recover the entirety of its accrued lien was only deferred by the TPSA; it was not extinguished.

Employer's right to subrogate Claimant's future medical expenses likewise originated, not with any language added by the parties, but with *unmodified boilerplate* terms contained in the LIBC-380 form, which the parties were bound to

9

utilize under Section 218.19(a) of the Regulations.[9] Based on the formula contained in the LIBC-380, Employer was responsible for 29.33% of Claimant's "future . . . medical expenses" until Employer's subrogation interest in the amount of $279,542.80 was exhausted. There is no language in the C&R or the TPSA that would suggest Claimant bargained for, and agreed to, Employer receiving subrogation credit beyond that provided for in Section 319 of the Act. Claimant merely consented to Employer's retention of its existing subrogation rights, which at that time included future medical expenses.

We cannot agree, therefore, that the additional terms set forth in the TPSA render the instant matter distinguishable from *Whitmoyer II*. The resolution of Claimant's right to future indemnity benefits does not change our analysis, as an excess recovery would still exist, even if the entire $195,000 lump sum had been added to Employer's accrued lien.[10]

Problematically, the purpose of Employer's continued credit against Claimant's medical expenses is not clear, and the record is silent as to whether Employer's accrued lien has been satisfied.[11] Consequently, we are unable to determine whether Employer's continued subrogation of Claimant's future medical expenses represents a permissible reimbursement of Employer's accrued lien, or

---

[9] It is noteworthy that the reference to future medical expenses no longer appears in the most recent version of the LIBC-380, which was revised in October 2018. *See* https://www.dli.pa.gov/Businesses/Compensation/WC/claims/wcais/Documents/wcais%20forms/LIBC-380%20int.pdf (last visited March 10, 2021).

[10] Any increase in the amount of Employer's accrued lien would have resulted in a corresponding increase in the amount of its share of expenses attributable to the third-party action.

[11] The evidence submitted by the parties in this matter consisted of the TPSA, Claimant's fee agreement, and the October 21, 2016 decision by a WCJ approving the C&R, to which the C&R was attached. C.R., Item Nos. 16-18.

whether Employer's subrogation interest has been maintained in contravention of *Whitmoyer II*.

Accordingly, we reverse the Board's order and remand this matter to the Board for further remand to the WCJ, who shall make findings of fact regarding the extent to which Employer's subrogation of Claimant's future medical benefits represents a reimbursement of Employer's accrued subrogation lien.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Todd, : 
          Petitioner : 
           : 
          v. : No. 505 C.D. 2020
           : 
Workers' Compensation Appeal : 
Board (Fastrack Construction Inc.), : 
          Respondent : 

# **O R D E R**

AND NOW, this 23rd day of March, 2021, the April 30, 2020 order of the Workers' Compensation Appeal Board (Board) is hereby REVERSED and this matter is REMANDED to the Workers' Compensation Appeal Board for further remand to a workers' compensation judge (WCJ). Upon remand, the WCJ shall make findings of fact as to the extent of James Todd's (Claimant) third-party recovery and whether Fastrack Construction Inc.'s continued subrogation of Claimant's future medical benefits is necessary to satisfy its accrued subrogation lien.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge