**In re Estate of McCarthy**

C.P. of Lawrence County, No. 63 of 2013, O.C.

*Timothy R. Bonner,* for petitioner.
*Gary M. Scoulos,* for respondent.

HODGE, *J.,* June 3, 2015—Before the Court for disposition is a Motion to Strike Claim, filed on behalf of the Petitioner, Michael Allen McCarthy, Executor of the Estate of William J. McCarthy, IV, (hereinafter, the "Executor"). The Respondents are Shenango Township and Inservco Insurance Services, Incorporated, a workers' compensation administrator employed by Shenango Township.

The Decedent, William J. McCarthy, IV, was killed in an automobile accident on May 2, 2013 while on duty as a police officer for Shenango Township, Lawrence County, Pennsylvania. As a result of the Decedent's death, the Decedent's widow, Patty Jo McCarthy, receives workers'

compensation benefits, which payments are being issued by Inservco Insurance Services, Inc. on behalf of Shenango Township.

At the time of his death, the Decedent had a personal automobile insurance policy, which he purchased through Nationwide Insurance Company. The policy obtained through Nationwide Insurance Company provided the Decedent with $200,000.00 in underinsurance motorist coverage, (hereinafter, "UIM"). The benefits secured under this policy were made payable to Michael Allen McCarthy, as Executor of the Decedent's Estate, following the Decedent's death.

Shenango Township and Inservco Insurance Services, Inc. (hereinafter, "Shenango Township") subsequently filed a claim against the Estate of William J. McCarthy, IV (hereinafter, the "Estate") alleging a right to subrogate into the Decedent's UIM proceeds paid by Nationwide Insurance company to the Estate. The Executor filed a Motion to Strike Claim on March 17, 2015, wherein the Executor contested Shenango Township's authority to subrogate the benefits issued by Nationwide Insurance Company. Following oral argument on May 7, 2015 and the submission of memorandums in support of their respective positions, the Motion to Strike Claim is properly before the Court for disposition. Prior to reaching the merits of the Motion to Strike Claim, the Court must first dispose of the challenge to the jurisdiction of this Court considering said motion made by Shenango Township.

The right to subrogate arose in common law, under doctrine developed in a court of equity. *Thompson v. W.C.A.B.*, 781 A.2d 1146, 1151 (Pa. 2001). Instantly,

however, Shenango Township asserts that the claim made against the Estate was issued for the purpose of preserving its rights under Section 319 of the Workers' Compensation Act. Section 319 of the Act provides in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employee, his personal representative, his estate or his dependents against such third party to the extent of the compensation payable under this article by the employer; ...

77 P.S. § 671. In order to establish a right of subrogation against a third-party recovery, an employer must demonstrate that it is required to make payments by reason of the negligence of the third party and the fund to which it seeks subrogation was for the same compensable injury for which the employer is liable under the Act. *Dale Manuf. Co. v. Workmen's Compensation Appeal Bd.*, 421 A.2d 653, 655 (Pa. 1980) (*quoting Dale Manuf. Co. v. Workmen's Compensation Appeal Bd.*, 382 A.2d 1256, 1259 (Pa.Cmwlth. 1978).

Pennsylvania case law clearly states that in general, the common pleas courts lack jurisdiction to adjudicate the right of subrogation in workers' compensation actions. *Stout v. W.C.A.B.*, 948 A.2d 926 (Cmwlth. 2008), *appeal denied*, 960 A.2d 547. This is because determination of whether an employer or its insurer is entitled to subrogation with respect to a 'claimant's recovery from a third party falls within the exclusive jurisdiction of the workers' compensation authorities. *Id.* Although there are instances where complex issues rendered a determination by a common pleas court appropriate, *see Gillette v. Wurst*, 937 A.2d 430 (Pa. 2007)

(trial court had jurisdiction to decide workers' compensation insurer's claim to subrogation because the issues raised did not arise solely under the Workers' Compensation Act, but demanded consideration of the insurer's unquestioned right of subrogation, surviving spouse's right to a wrongful death award, and the intestacy laws). In the instant case, however, the sole issue raised in the Motion to Strike is whether Shenango Township has a right of subrogation against the Estate. On this basis, the Court lacks jurisdiction to make such a determination. The Motion to Strike Claim is therefore denied.

Consistent with this Opinion, the Court will enter the following Order of Court:

## ORDER OF COURT

AND NOW, this 3rd day of June, 2015, this matter being before the Court for Argument on a Motion to Strike Claim, with Timothy R. Bonner, Esquire, appearing on behalf of the Petitioner, Michael Allen McCarthy, Executor of the Estate of William J. McCarthy, IV, and with Gary M. Scoulos, Esquire appearing on behalf of the Respondents, Shenango Township and Inservco Insurance Services, Incorporated, and after considering the arguments made by counsel, in addition to the supplemental memorandums in support of their respective positions, the Court hereby ORDERS and DECREES as follows:

1. Petitioner's Motion to Strike Claim is DENIED.

2. Exclusive jurisdiction of the subrogation issue shall remain with the workers' compensation authorities.

3. The Prothonotary shall properly serve notice of this Order of Court upon counsel of record for the parties.