**William GORMAN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (KIRKWOOD CONSTRUCTION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 9, 2008.

Decided July 9, 2008.

Joseph C. Huttemann, II, Philadelphia, for petitioner.

Jacqueline S. Ware, Philadelphia, for respondent.

BEFORE: LEADBETTER, President Judge, and SMITH–RIBNER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

William Gorman (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), affirming a decision of a Workers' Compensation Judge (WCJ) awarding Kirkwood Construction (Employer) $71,191.00 for its subrogation lien. We affirm.

Claimant was injured at work on October 27, 2000, when a nail was ejected from a nail gun and hit him in the right eye. Employer accepted liability through a notice of compensation payable and Claimant began receiving benefits pursuant to the Pennsylvania Workers' Compensation Act

(Act).[1] Claimant's benefits were suspended as of August 31, 2001, when he returned to work without a loss of wages.

On September 4, 2001, Claimant filed a claim petition seeking compensation for the loss of his right eye and disfigurement of his head and neck. Claimant later amended the claim petition to a petition to approve a compromise and release agreement (C & R).

A hearing was held before the WCJ. At the hearing, the parties entered the C & R into evidence. Paragraph 11 of the C & R asked, "Is there a lien or potential lien for subrogation under Section 319?" (R.R. at 129a). A box to check yes or no was provided. The box marked "no" was checked. Paragraph 11 then continued with the statement "If there is a lien, then attach a fully-executed Third Party Settlement Agreement, demonstrating the total of credit to be allowed and the formula by which credit will be taken." *Id.* The space to include the information was left blank and the parties did not attach any additional information.

Following the hearing, the WCJ approved the C & R and ordered that Claimant receive a lump sum payment of $90,000.00. It was further ordered that $10,000.00 of the lump sum award be paid directly to Claimant's counsel.[2]

On January 13, 2005, Employer filed a petition to review compensation benefit offset seeking a subrogation credit due to a third party recovery. Employer alleged that after receiving approval of the C & R in 2002, Claimant filed a third party action. Employer alleged that it was not informed of the third party action until September, 2004.

A hearing was held before the WCJ. Claimant testified that at the time he entered into the C & R, he had not retained counsel to represent him in the third party action. Claimant explained that in 2000, he discussed his eye injury with Greg Mitsch, Esq., a family friend. Attorney Mitsch said he "would try to look into" filing a third party action against the manufacturer and/or seller of the nail gun used in Claimant's injury. (R.R. at 12a). At that time, Attorney Mitsch also referred Claimant to Joseph Huttemann, Esq., a workers' compensation attorney. Claimant stated that he did not remember ever discussing a possible third party action with Attorney Huttemann.

Claimant explained that Attorney Mitsch never contacted him regarding the possibility of a third party action. Claimant stated that "[t]wo years passed. I had no one representing me and I assumed that was the end of it." (R.R. at 12a–13a). Then, in October, 2002, he was contacted by Robert Mongeluzzi, Esq. Attorney Mongeluzzi had learned of Claimant's injury through Attorney Mitsch. Claimant than retained Attorney Mongeluzzi in his third party lawsuit and a lawsuit was filed against D & M Home Builders, Home Depot and Stanley Bostich, in December, 2002. In December, 2004, Claimant received a settlement of $100,000.00 from one the defendants. The case against the other defendants remained pending.

Employer presented testimony from Peter Hnylanski, its workers' compensation claims adjuster at the time of Claimant's work injury, and Michael Herrold, Employer's current workers' compensation claims adjuster. Mr. Hnylanski testified that he was never informed of a possible third party action prior to the approval of

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

2. The C & R was executed by the parties on January 24, 2002. The WCJ entered an order approving the C & R on February 21, 2002.

the C & R. Mr. Herrold testified that he first learned of the third party action in September, 2004. Claimant's attorney in the third party action contacted him and asked if Employer had waived its right to recover a lien in a third party action. Mr. Herrold stated that he reviewed the file and the file did not contain any indication as to a discussion involving a potential third party case.

Employer also admitted into evidence its claim log notes and correspondence from Claimant's workers' compensation attorney. (R.R. at 141a–162a). The log notes and correspondence discuss settlement based on Claimant's disfigurement. The notes and correspondence do not contain any discussion of a third party action or waiver or the subrogation lien.

Following the hearing, the WCJ determined that Employer's witnesses were credible and that there was no evidence that a potential third party action was considered by the parties when negotiating the C & R. The WCJ also accepted Claimant's testimony that he was not aware that there was a possibility of a third party recovery until after the C & R was approved. As such, the WCJ determined that the parties were mistaken in averring in Paragraph 11 that there was no potential subrogation lien. Due to a mutual mistake upon the material and substantial issue of the existence of a potential subrogation lien, the WCJ set aside the C & R. The WCJ found that Employer was entitled to a credit based upon the amount paid pursuant to the C & R and that Employer could enforce a subrogation lien against the funds Claimant received in his third party action.

Claimant and Employer both appealed to the Board. Both parties alleged that the WCJ erred in setting aside the C & R. The Board agreed. The Board noted that a C & R can only be set aside on the theory of mutual mistake when the mistake was in existence at the time the agreement was executed. The Board determined that as the mistake was not in existence when the parties entered into the C & R, it should not be set aside.

The Board next addressed whether or not Employer waived its right to subrogation. The Board determined that Employer had not waived its right to subrogation as Employer was not aware of the possibility of the third party action until after the C & R was approved. As such, the Board vacated the WCJ's ruling to set aside the C & R, affirmed the WCJ's grant of the review petition and remanded for additional findings of fact and conclusions of law as to the amount of the subrogation lien.

On remand, Claimant submitted two statements of distribution as to his third party action. The first statement of distribution indicated that Claimant received a third party settlement of $100,000.00. This included attorney fees of $22,735.09 and costs of $27,264.91. Therefore, the amount paid to Claimant was $50,000.00. The second statement of distribution indicated that Claimant received an award of $125,000.00. This award included attorney fees of $41,666.67 and costs of $2,132.00. Thus, Claimant actually received $81,201.33. Based on the total award of $131,201.33 to Claimant, the WCJ determined that Employer was entitled to be reimbursed $71,191.00.

Claimant appealed to the Board. In his appeal to the Board, Claimant argued that the WCJ erred in granting Employer's review petition because Employer had waived its right to subrogation pursuant to the C & R. The Board noted that it had already decided this issue in its prior opinion. However, as the prior opinion also ordered remand, the Claimant could not appeal it to the Commonwealth Court at that time. Therefore, the Board affirmed

the order of the WCJ, rendering the decision final and appealable to this Court.

On appeal to this Court,[3] Claimant alleges that the parties resolved all aspects of the claim when they executed the C & R.[4] He claims the C & R encompassed both existing liens and future liens. Claimant argues that it sets dangerous legal precedent to allow an insurer to enforce a subrogation claim three years after the case has been settled.

Section 319 of the Act, 77 P.S. § 671, addresses an employer's right to subrogation and provides, in pertinent part, as follows:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

We have previously indicated that "[t]he purpose of this subrogation is threefold: it prevents double recovery for the same injury; it relieves the employer of liability occasioned by the negligence of a third party; and it prevents a third party from escaping liability for his negligence." *Kidd–Parker v. Workers' Compensation Appeal Board (Philadelphia School District)*, 907 A.2d 33, 37 (Pa.Cmwlth.2006), *petition for allowance of appeal denied*, 591 Pa. 676, 916 A.2d 1104 (2007) (citations omitted). Moreover, in *Kidd–Parker*, we described Section 319 of the Act as "clear and unambiguous," "written in mandatory terms" and without "exceptions." *Id.* Furthermore, both this Court and our Pennsylvania Supreme Court has held that the right of subrogation under Section 319 of the Act is both automatic and absolute. *Id.*; *Brubacher Excavating, Inc. v. Workers' Compensation Appeal Board (Bridges)*, 575 Pa. 168, 835 A.2d 1273 (2003).

Nevertheless, our Supreme Court has held that an employer's subrogation rights can indeed be "abrogated" by choice. *See*

---

**3.** While Claimant complains that Employer did not seek to enforce the subrogation claim until January 13, 2005, it is undisputed that Claimant did not inform Employer that a third party action had been filed until September, 2004.

**4.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Further, in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), our Supreme Court held that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." *Wintermyer*, 571 Pa. at 203, 812 A.2d at 487.

*Winfree v. Philadelphia Electric Co.,* 520 Pa. 392, 397, 554 A.2d 485, 487 (1989). In keeping with this principle, this Court has held that an agreement whereby an employer releases or waives its subrogation rights against the claimant's third-party settlement recovery is valid under the Act and that the claimant in such a situation is entitled to the benefit of the bargain. *See SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls),* 714 A.2d 496 (Pa. Cmwlth.1998), *petition for allowance of appeal denied,* 559 Pa. 684, 739 A.2d 546 (1999); *Baus v. Workmen's Compensation Appeal Board (Nelson Co.),* 137 Pa. Cmwlth.121, 585 A.2d 573 (1991).[5]

In the present case, the evidence of record fails to establish that Employer released or waived its subrogation rights. Both parties agree that a third party action was not contemplated at the time of the C & R. As such, Employer could not have bargained away its subrogation rights as part of the settlement agreement. The fact that Employer stated in the C & R that there was no lien or potential lien for subrogation does not indicate a waiver of a right to subrogation. Rather, it merely indicates Employer's belief that a lien or potential lien did not exist, a belief that Claimant agrees was correct at the time.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 9th day of July, 2008, the order of the Workers' Compensation Appeal Board is affirmed.

---

5. In *Baus,* we held that the employer could settle its claim for a past lien for a lesser amount out of the third-party recovery by agreement and the claimant therein was entitled to the benefit of that bargain.