# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Kalmanowicz,                            :
                        Petitioner               :
                                                 :
            v.                                    :   No. 1790 C.D. 2016
                                                 :   Submitted: March 17, 2017
Workers' Compensation Appeal                     :
Board (Eastern Industries, Inc.),                :
                        Respondent               :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


**OPINION BY JUDGE BROBSON**                    **FILED: July 7, 2017**


Petitioner Anthony Kalmanowicz (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board). The Board affirmed the decision of Workers' Compensation Judge Howard Spizer (WCJ), concluding that Eastern Industries, Inc. (Employer) is entitled to subrogation of Claimant's workers' compensation benefits. We now affirm.

On June 1, 2009, during the course of his employment as a truck driver for Employer, Claimant was injured in a motor vehicle accident, resulting in a chest wall contusion, a wrist contusion, and post-traumatic stress disorder (PTSD). Claimant filed a claim petition on April 26, 2010, which was assigned to Workers' Compensation Judge Patrick J. Cummings (WCJ Cummings). On or around April 27, 2011, Claimant entered into a settlement agreement with a third-party involved in the June 1, 2009 motor vehicle accident in the amount of $15,000.00, with a net recovery (after attorneys' fees and costs) of $9,498.25. On October 11, 2011, after holding a hearing and receiving briefs from the parties,

WCJ Cummings granted Claimant's claim petition, awarding benefits for the injuries, including PTSD, sustained during the June 1, 2009 accident. The October 11, 2011 decision and order also required Employer to pay Claimant's reasonable and necessary medical expenses. (Reproduced Record (R.R.) at 104a.)[1]

On June 13, 2012, Employer filed a petition to modify or suspend Claimant's benefits (Suspension Petition), alleging that Claimant had failed to reimburse Employer a subrogation lien as required by Section 319 of the Workers' Compensation Act.[2] By opinion and order circulated on June 10, 2013, the WCJ

---

[1] Employer appealed WCJ Cummings' decision to the Board. The Board affirmed the decision of WCJ Cummings on July 10, 2012. Employer appealed to this Court, and we affirmed the order of the Board by opinion and order dated December 6, 2012. *New Enter. Stone & Lime Co., Inc. v. Workers' Comp. Appeal Bd. (Kalmanowicz)*, 59 A.3d 670 (Pa. Cmwlth. 2012).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671. Section 319 of the Act provides:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

> Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury

**(Footnote continued on next page…)**

concluded that, at the time of Claimant's settlement of the third-party claim, Employer had not sought subrogation or accepted Claimant's work injuries. Thus, the WCJ held that there were no funds available to Employer for subrogation and denied Employer's Suspension Petition. Employer appealed the June 10, 2013 order to the Board.

By opinion and order dated September 10, 2015, the Board reversed, concluding that Section 319 of the Act granted Employer an absolute right to subrogation, which could only be abrogated by consent. The Board explained that there was "no indication that [Employer] sought to relinquish or waive its right to subrogation and, to the contrary, it clearly argued for subrogation." (R.R. at 60a.) Accordingly, the Board reversed the order of the WCJ and remanded for further proceedings to take evidence and make findings on Employer's entitlement to subrogation.

On remand, by order and opinion dated May 13, 2016, the WCJ disposed of the matter by adopting and incorporating by reference a stipulation of facts agreed to by the parties. In pertinent part, the parties' stipulation provided that "the subrogation amount being sought by [Employer] equals $9,498.25. . . . Claimant agrees [Employer] is entitled to take a credit of $65.00 per week against the Claimant's ongoing receipt of indemnity benefits until such time that the $9,498.25 subrogation lien is paid in full." (R.R. at 84a.) The stipulation also

**(continued…)**

the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board.

provided that "nothing in this [s]tipulation of [f]acts will prevent either party from filing an appeal from [the WCJ's order dated May 13, 2016]." (*Id.*) Thus, the WCJ concluded that Claimant was entitled to workers' compensation benefits subject to deductions as set forth in the parties' stipulation of facts. Claimant appealed from the WCJ's May 13, 2016 order.

On appeal to the Board, Claimant argued that Employer was not entitled to subrogation because Employer was contesting Claimant's claim petition at the time the third-party settlement funds were distributed. By order and opinion dated October 5, 2016, the Board affirmed the WCJ's order, concluding that it had previously addressed the issue raised by Claimant in its September 10, 2015 opinion and order. The Board also noted that Claimant had followed proper procedure to preserve his claim for further appellate review. Claimant subsequently filed the instant petition for review, asserting this claim of error by the Board.[3]

In workers' compensation matters, subrogation serves several goals: (1) it prevents a claimant's double recovery for the same injury; (2) it protects an employer from incurring liability for the negligence of a third party; and (3) it prevents a third party from evading liability for his negligent conduct. *Dale Mfg. Co. v. Bressi*, 421 A.2d 653, 654 (Pa. 1980). Section 319 of the Act provides that an employer is entitled to recover its expenses when a third party

---

[3] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Bond v. Workers' Comp. Appeal Bd. (Belmont Center)*, 711 A.2d 554, 557 n.6 (Pa. Cmwlth. 1998).

4

causes the work injury "in whole or in part." We have held that "subrogation is automatic and by its terms, admits no express exceptions, equitable or otherwise." *Serrano v. Workers' Comp. Appeal Bd. (Ametek, Inc.)*, 154 A.3d 445, 450 (Pa. Cmwlth. 2017). An employer bears the burden to establish its right to subrogation by demonstrating "that it was compelled to make payments due to the negligence of a third party and that the fund against which the employer seeks subrogation was for the same injury for which the employer is liable under the Act." *Young v. Workers' Comp. Appeal Bd. (Chubb Corp.)*, 88 A.3d 295, 302 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014).

Claimant does not suggest that Employer failed to meet the first prong of the test set forth in *Young* by failing to demonstrate that it was compelled to make payments due to the negligence of a third party. Claimant argued before the Board that because the third-party settlement funds were distributed prior to Employer accepting Claimant's work-related injury, there was no "fund against which [E]mployer [may] seek[] subrogation," but Claimant does not raise this argument on appeal to this Court. *See Young*, 88 A.3d at 302. Instead, Claimant contends that Employer effectively waived its right to subrogation by contesting Claimant's claim petition. We disagree.

There are very narrow circumstances in which a court may find that an employer waived its right to subrogation under the Act. An employer may agree via contract to waive its right to subrogation of accrued liens as well as future third-party settlements. *Fortwangler v. Workers' Comp. Appeal Bd. (Quest Diagnostics)*, 113 A.3d 28, 35 (Pa. Cmwlth. 2015). Such a contract, however, must expressly waive the right to subrogation. *Id.* at 36 (concluding that settlement contract did not include waiver of future subrogation rights because such rights

5

were not expressly provided for in contract). We have held that a party's failure to exercise "due diligence" in pursuing a claim—*i.e.* failing to raise a claim for subrogation until fourteen months after a claimant settled his or her claim—may constitute waiver of the right to subrogation. *Independence Blue Cross v. Workers' Comp. Appeal Bd. (Frankford Hosp.)*, 820 A.2d 868, 872 (Pa. Cmwlth. 2003). Absent bad faith or "dereliction of duty," we have never concluded that an employer has waived its right to subrogation under the Act without an express agreement to waive that right. *Glass v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 61 A.3d 318, 326 (Pa. Cmwlth. 2013), (quoting *Thompson v. Workers' Comp. Appeal Bd. (USF & G)*, 781 A.2d 1146, 1154 (Pa. 2001)).

Claimant cites no precedent to support his argument that an employer consents to forego subrogation by contesting a claim petition. Instead, Claimant asserts that he and others similarly situated would be "held hostage with regard to the settlement and distribution of third[-]party claims when their employer refuses to accept a work[-]related injury claim." (Claimant's br. at 10.) Claimant develops no argument other than his bald assertion that an employer may not recover a subrogation lien if a third party settles the claim prior to an employer accepting liability for the asserted injury. To the contrary, such a conclusion would hold an employer "hostage" by forcing them to accept any injury alleged by a claimant when a third party is involved in the incident. Any employer failing to accept a claim would expose itself to the possibility that a Claimant may protect a third-party settlement from subrogation by settling the third-party claim while the employer contests the claim petition. Furthermore, Employer was well within its rights to contest Claimant's claim petition and was under no obligation to accept

6

the work-relatedness of any injury Claimant sustained in the June 1, 2009 motor vehicle accident.[4]

In the instant case, we discern no evidence that could support a conclusion that Employer acted in bad faith or failed to exercise due diligence in enforcing its subrogation rights, and we decline to expand our definition of conduct by which an employer may implicitly waive its absolute right to subrogation. *See Thompson*, 781 A.2d at 1151. Thus, Employer did not waive its right to subrogation pursuant to Section 319 of the Act by contesting Claimant's claim petition.

Accordingly, the October 5, 2016 order of the Board, affirming the May 13, 2016 order of the WCJ, is affirmed.

_____
P. KEVIN BROBSON, Judge

---

[4] In response to the dissent, we note that throughout the course of this proceeding, Claimant has never contended that Employer's contest of his claim petition was unreasonable or otherwise an act of bad faith. In other words, we are not here presented with any argument that Employer should be precluded from pursuing subrogation because it acted in bad faith when it challenged the work-relatedness of Claimant's injury in the claim petition proceeding. A remand, therefore, may help resolve the questions that the dissent raises, but all of Claimant's questions and related contentions are resolved above.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Anthony Kalmanowicz,                     :
                         Petitioner       :
                                          :
            v.                            :      No. 1790 C.D. 2016
                                          :
Workers' Compensation Appeal              :
Board (Eastern Industries, Inc.),         :
                         Respondent       :


# **O R D E R**


AND NOW, this 7th day of July, 2017, the order of the Workers' Compensation Appeal Board in the above matter, dated October 5, 2016, is AFFIRMED.


_____
P. KEVIN BROBSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Kalmanowicz,                          :
                Petitioner                    :
                                                                 :
        v.                                       :
                                                                 :
Workers' Compensation Appeal          :
Board (Eastern Industries, Inc.),           :     No. 1790 C.D. 2016
             Respondent                :     Submitted:  March 17, 2017

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

DISSENTING OPINION
BY JUDGE COSGROVE              FILED:  July 7, 2017

        Within the context of affirming the expansive nature of an employer's right to subrogation under Section 319 of the Workers' Compensation Act (Act),[1] the Majority recognizes that this right is not without limitation.  One such restriction is present when the employer acts in "bad faith or dereliction of duty…" Majority, slip op. at 6 (internal citation omitted).  As the Majority and I disagree on the application of this bad faith doctrine to the present case, I must dissent.

        Bad faith, as an impediment to an otherwise absolute right to subrogation has its genesis in our Supreme Court's decision in *Thompson v. Workers' Compensation Appeal Board (USF&G)*, 781 A.2d 1146 (Pa. 2001).  In that case, the Court favorably noted the decision of the United States District Court for the Eastern District of Pennsylvania in *Curtis v. Simpson Chevrolet*, 348 F.Supp. 1062 (E.D. Pa. 1972).  The question of bad faith arose in *Curtis* in the context of whether an employer's actions may have, at least in part, interfered with

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §671.

presentation of the claim against a third party, thus precluding the employer's subrogation claim. Although the *Curtis* court ultimately allowed the subrogation claim to proceed, the Supreme Court noted that a showing of "bad faith" may have "altered [the District Court's] analysis." *Thompson*, 781 A.2d at 1154.

In the present case, Eastern Industries, Inc. (Employer) contested what was an otherwise valid workers' compensation claim. The Majority holds that "Employer was well within its rights to contest [Anthony Kalmanowicz's] Claimant's claim petition and was under no obligation to accept the work-relatedness of any injury Claimant sustained…" Majority, slip op. at 6-7. Caveat to Employer's right is the responsibility that any such contest be made in good faith. Whether Employer's actions in this case constitute good faith, and whether its actions impacted pursuit of the third-party claims, are open questions. As such, and at the very least, I would remand this matter for review of these questions. Although respecting the Majority's thoughtful analysis, I am thus compelled to dissent.[2, 3]

_____
JOSEPH M. COSGROVE, Judge

---

[2] The Majority notes that "Claimant cites no precedent to support his argument…." Majority slip opinion at 6. There is likewise no precedent contrary to Claimant's position, although presenting its Opinion in published form, the Majority creates such here. A decision of such consequence should not be decided unargued, and by a three judge panel of this Court. It instead should be addressed *en banc* so as to allow its magnitude to reflect the position of the entire Court.

[3] The Majority suggests that Claimant has not raised the question of Employer's bad faith, thus precluding us from remanding this matter to explore that issue. Since it is Claimant's position that the challenge to his claim negates the right to subrogation, examination of the bad faith question is well within the context of that position and thus welcomes remand.