IN THE COMMONWEALTH COURT OF PENNSYLVANIA

American General Life Insurance    :
Company,    :
                Petitioner    :
   :
      v.    :
   :
Joseph M. Grosso (Workers'    :
Compensation Appeal Board),    :    No. 860 C.D. 2022
                Respondent    :    Submitted: August 9, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                 FILED: September 26, 2024

American General Life Insurance Company (Employer) petitions for review from the July 13, 2022 decision and order (July 2022 Board Opinion) of the Workers' Compensation Appeal Board (Board). In the July 2022 Board Opinion, the Board affirmed a December 13, 2021 order of a Workers' Compensation Judge (WCJ), in which the WCJ granted Employer's petition for modification seeking enforcement of its subrogation rights (Modification Petition) but did not award Employer the full amount it sought. Upon review, we reverse and remand.

## I. Factual and Procedural Background

Joseph Grosso (Claimant) sustained a work-related back injury in an incident that occurred in October 2015 (work injury), and Employer accepted liability. *See* July 2022 Board Opinion at 1; Reproduced Record (R.R.) at 3a. The work injury involved a third party from which Claimant received a $150,000.00

settlement in September 2017 (Third-Party Settlement). *See* July 2022 Board Opinion at 1; R.R. at 3a.

The parties could not agree on the subrogation amount concerning the Third-Party Settlement, so in January 2018, Employer filed the Modification Petition claiming subrogation rights against the Third-Party Settlement to satisfy its lien for disbursements made to Claimant regarding the work injury. *See* July 2022 Board Opinion at 1; R.R. at 3a. The Modification Petition expressly stated:

> Claimant entered into a settlement in a third[-]party matter, which involved his work injury claim, which Employer . . . received notice of on 10/5/17.
>
> Employer . . . is seeking credit against Claimant's workers' compensation pursuant to Section 319 of the [Workers' Compensation] Act[ (Act),[1] 77 P.S. § 671,] and preservation/satisfaction of its lien from the third[-]party settlement proceeds.

Modification Petition at 1 (footnote omitted); R.R. at 134a. The Modification Petition further expressly claimed that "Employer . . . is entitled to a credit against Claimant's workers' compensation for settlement proceeds in the third[-]party matter." Modification Petition at 1-2; R.R. at 134a-35a. At this point in the litigation of the Modification Petition, Employer claimed a net lien of $42,929.22. *See* WCJ Decision dated December 26, 2018 (December 2018 WCJ Decision) at 3; R.R. at 50a.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

In December of 2018,[2] the WCJ granted the Modification Petition, concluding that Employer successfully demonstrated the correct amount of its lien to be $42,929.22 based on "more credible evidence" regarding Employer's net compensation lien amount. *See* July 2022 Board Opinion at 1; R.R. at 3a; *see also* December 2018 WCJ Decision at 4; R.R. 51a. Claimant appealed to the Board (First Appeal). *See* July 2022 Board Opinion at 1; R.R. at 3a.

During the pendency of the First Appeal, Claimant and Employer executed a Compromise and Release Agreement in the amount of $225,000.00 that resolved Claimant's medical and wage loss benefits regarding the work injury (C&R Agreement).[3] *See* July 2022 Board Opinion at 1; R.R. at 3a. The C&R Agreement purported to preserve Employer's subrogation rights. C&R Agreement at 2 & Addendum at 1; R.R. at 78a & 81a. Regarding those subrogation rights, Paragraph 11 of the C&R Agreement expressly noted that the C&R Agreement did not affect the instant litigation concerning Employer's subrogation rights and the proper calculation of Employer's lien. *See* July 2022 Board Opinion at 1; R.R. at 3a; *see also* WCJ Decision and Order dated November 8, 2019 (WCJ C&R Decision) at 6 & 9 (C&R Agreement at 2 & Addendum at 1); R.R. at 78a & 81a. Specifically, Paragraph 11 of the C&R Agreement answered "Yes" to the question "[i]s there an actual or potential lien for subrogation under Section 319?" and explained

---

[2] On July 18, 2018, the parties entered into a supplemental agreement suspending payment of Claimant's benefits as of May 21, 2018, when Claimant had returned to work without loss of wages. *See* July 2022 Board Opinion at 1; R.R. at 3a; *see also* Settlement Agreement for Compensation for Disability or Permanent Injury dated July 18, 2018 (Suspension Agreement); R.R. at 68a-69a.

[3] A different WCJ approved the parties' C&R Agreement in a Decision and Order dated November 8, 2019 (WCJ C&R Decision). *See* July 2022 Board Opinion at 1; R.R. at 3a; *see also* WCJ C&R Decision; R.R. at 73a-83a.

"Employer . . . maintain[s] subrogation rights under Section 319 of the Act with respect to recovery of any lien, constituting all payments of workers' compensation benefits, including those for wage loss and medical benefits, in any related third[-]party action. See Addendum." C&R Agreement at 2; R.R. at 78a. In turn, the Addendum to the C&R Agreement specifically noted:

> The parties hereby agree that this settlement will not affect the pending litigation before the . . . Board (Appeal No. A18-1311) concerning the 12/26/2018 Decision of [the WCJ]. It is undisputed that Claimant received a third[-]party settlement relative to the 10/29/2015 injury, against which [Employer] was entitled to assert a lien. As part of this Agreement, the parties will allow the [Board] to issue a Decision regarding the proper calculation of [Employer's] total lien. The Decision of the [Board] shall not nullify or void the intent of the parties, or the force and effect of this Agreement, to resolve all past, present, and future workers' compensation claims with respect to the 10/29/2015 work injury, and release any past, present, or future obligation of Employer . . . with respect to the 10/29/2015 work injury, on or after 11/6/2019, the date of the Compromise and Release Hearing.

C&R Agreement, Addendum at 1; R.R. at 81a. The C&R Agreement did not, however, specifically refer to the previous $150,000.00 lump sum payment from the Third-Party Settlement. See C&R Agreement; R.R. at 77a-82a.

On January 7, 2020, the Board decided the First Appeal and remanded the matter for the WCJ to explain why Employer's lien calculation was "more accurate" than the calculation forwarded by Claimant. See July 2022 Board Opinion at 2; R.R. at 4; see also Board Opinion dated January 7, 2020; R.R. at 40a-47a. On remand, Employer claimed that it was now entitled to subrogation in the amount of $120,643.98, which represented a recalculated lien amount from the previous figure

4

of $42,929.22 to $33,136.80 as well an additional $87,507.15 of benefits paid to Claimant under the C&R Agreement. *See* July 2022 Board Decision at 2; R.R. at 4; *see also* WCJ Decision circulated July 31, 2020 (July 2020 WCJ Decision) at 3-4, R.R. at 37a-38a; Updated Lien Calculations; R.R. at 85a. The WCJ awarded Employer $33,136.80 based on Employer's updated lien calculation. *See* July 2022 Board Opinion at 2; R.R. at 4; *see also* July 2020 WCJ Decision at 3-4, R.R. at 37a-38a; Updated Lien Calculations; R.R. at 85a. The WCJ concluded, however, that Employer was not entitled to reimbursement for the additional amount of $87,507.15, which the WCJ explained was beyond the scope of the First Appeal's remand order. *See* July 2022 Board Opinion at 2; R.R. at 4; *see also* July 2020 WCJ Decision at 3-4, R.R. at 37a-38a. Employer appealed this determination.

By Opinion and Order dated June 24, 2021, the Board again remanded the matter to the WCJ, this time for the WCJ to issue findings of fact regarding Employer's contention that it was entitled to subrogation for total disability benefits paid after the Third-Party Settlement by way of the C&R Agreement. *See* Board Opinion at 2; R.R. at 4a; *see also* Board Opinion dated June 24, 2021 (June 2021 Board Opinion); R.R. at 22a-34a.

On December 13, 2021, the WCJ issued an order again granting Employer the previously awarded – and now undisputed – amount of $33,136.80 as payment of its subrogation lien, but also determining that Employer had waived its right to recover the additional claimed funds by virtue of the entry of the C&R Agreement. *See* Board Opinion at 2; R.R. at 4a; *see also* WCJ Decision dated December 13, 2021 (December 2021 WCJ Decision); R.R. at 16a-21a. The WCJ explained:

> Despite the language in the [C&R] Agreement[, Employer] waived its right to subrogation with respect to the funds paid in the [C&R Agreement] by failing to tell the judge or [] Claimant that it intended to be reimbursed by [] Claimant in the additional amount of $87,507.15 as a result of the [C&R Agreement].

December 2021 WCJ Decision at 4; R.R. at 19a. Thus, the WCJ concluded that Employer "waived the right to recover any additional funds by virtue of the [C&R Agreement] entered into by [Employer] years after the [T]hird-[P]arty [S]ettlement." December 2021 WCJ Decision at 4; R.R. at 19a.

Employer appealed the December 2021 WCJ Decision to the Board. On July 13, 2022, the Board issued the July 2022 Board Opinion affirming the December 2021 WCJ Decision. *See generally* Board Opinion. Employer now appeals the July 2022 Board Opinion to this Court.

## II. Issues

On appeal,[4] Employer claims that the Board erred by limiting the amount and scope and Employer's subrogation lien. *See* Employer's Br. at 1, 7-19. Specifically, Employer alleges that the Board committed legal error by erroneously disregarding well-established rights under Section 319 of the Act, 77 P.S. § 671, when the record contained no evidence that Employer waived those rights. *See* Employer's Br. at 13-19. Employer relatedly claims that the Board capriciously disregarded substantial competent evidence that the C&R Agreement specifically preserved Employer's subrogation rights. *See* Employer's Br. at 7-13.

---

[4] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 433 n.5 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023).

6

### III. Discussion

Section 319 of the Act addresses an employer's right to subrogation for benefits paid and provides, in pertinent part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671.

As this Court has explained, "[t]he purpose of this subrogation is threefold: it prevents double recovery for the same injury; it relieves the employer of liability occasioned by the negligence of a third party; and it prevents a third party from escaping liability for his negligence." *Gorman v. Workers' Comp. Appeal Bd. (Kirkwood Constr.)*, 952 A.2d 748, 751 (Pa. Cmwlth. 2008) (quoting *Kidd-Parker v. Workers' Comp. Appeal Bd. (Phila. Sch. Dist.),* 907 A.2d 33, 37 (Pa. Cmwlth. 2006)). The Court has described Section 319 of the Act as "clear and unambiguous,"

"written in mandatory terms," and without "exceptions." *Gorman*, 952 A.2d at 751 (quoting *Kidd-Parker*, 907 A.2d at 37). "Furthermore, both this Court and our Pennsylvania Supreme Court ha[ve] held that the right of subrogation under Section 319 of the Act is both automatic and absolute." *Id.* (citing *Kidd-Parker*, 907 A.2d at 37; *Brubacher Excavating, Inc. v. Workers' Comp. Appeal Bd. (Bridges),* 835 A.2d 1273 (Pa. 2003)). By its terms, subrogation "admits no express exceptions, equitable or otherwise." *Kalmanowicz v. Workers' Comp. Appeal Bd. (E. Indus., Inc.)*, 166 A.3d 508, 510 (Pa. Cmwlth. 2017) (quoting *Serrano v. Workers' Comp. Appeal Bd. (Ametek, Inc.)*, 154 A.3d 445. 450 (Pa. Cmwlth. 2017)).

"[O]ur Supreme Court has held that an employer's subrogation rights can indeed be 'abrogated' by choice." *Gorman*, 952 A.2d at 751-52 (citing *Winfree v. Philadelphia Electric Co.,* 554 A.2d 485, 487 (Pa. 1989) ("as a general principle of law, the employer's subrogation rights are statutorily absolute and can be abrogated only by choice")). As this Court has explained, however:

> There are very narrow circumstances in which a court may find that an employer waived its right to subrogation under the Act. An employer may agree via contract to waive its right to subrogation of accrued liens as well as future third-party settlements. *Fortwangler v. Workers' Comp. Appeal Bd. (Quest Diagnostics)*, 113 A.3d 28, 35 (Pa. Cmwlth. 2015). Such a contract, however, must expressly waive the right to subrogation. *Id.* at 36 (concluding that settlement contract did not include waiver of future subrogation rights because such rights were not expressly provided for in contract).

*Kalmanowicz*, 166 A.3d at 511. Otherwise stated, because an employer's subrogation rights are automatic and absolute under Section 319 of the Act, waiver of those subrogation rights requires an express agreement. *See id.* Further, a

8

"compromise and release agreement only extinguishes liability which is claimed to exist under the Act where the person with the claim specifically agrees to relieve the liable person from that liability." *Fortwangler*, 113 A.3d at 34 (quoting *Gingerich v. Workers' Comp. Appeal Bd. (U.S. Filter),* 825 A.2d 788, 791 (Pa. Cmwlth. 2003) (emphasis omitted)). To the extent an employer's subrogation rights may be implicitly waived, such an implicit waiver of rights must be supported by evidence of employer bad faith or dereliction of duty. *See Kalmanowicz*, 166 A.3d at 511.

Here, Section 319 of the Act affords Employer with an automatic and absolute right of subrogation for benefits paid to Claimant. Absent express waiver, Employer retains its subrogation rights. The instant matter involves no express waiver of Employer's subrogation rights and no evidence of bad faith or dereliction of duty to support an implicit waiver of those rights. On the contrary, if anything, the evidence of record indicates that Employer did ***not*** intend to waive its Section 319 subrogation rights. The Modification Petition explicitly stated that Employer was seeking subrogation pursuant to Section 319 of the Act and made explicit reference to the Third-Party Settlement in so stating. Likewise, the C&R Agreement specifically preserved Employer's subrogation rights in Paragraph 11 and in the Addendum, both of which expressly indicated that the C&R Agreement was not intended to have any effect on the instant litigation concerning Employer's claimed subrogation lien. Additionally, a review of the transcript from the hearing at which the C&R Agreement was approved reveals no explicit waiver of subrogation rights by Employer. *See* Transcript of November 6, 2019 hearing before WCJ Werthheimer; R.R. at 122a-33a.

Simply put, this matter does not involve an express waiver of subrogation rights by Employer. Absent such a waiver, Employer retains its

9

statutory right to subrogation for benefits paid to Claimant relating to the work injury. *Kalmanowicz*; *Fortwangler*. To determine otherwise would allow Claimant an impermissible unintended double recovery. *Gorman*.

We are not unsympathetic to the idea that Claimant may have felt ambushed by Employer's change of position concerning the amount of its lien claim after the C&R Agreement had been finalized. Nonetheless, by concluding that Employer implicitly waived its statutory subrogation rights by failing to inform the WCJ or Claimant that it intended to pursue those rights, the WCJ fashioned an impermissible equitable exception to Employer's automatic, absolute right to subrogation under Section 319 of the Act. The WCJ's suggestion that Employer should have stated on the record at the hearing that it intended to seek satisfaction of its subrogation lien as against the Third-Party Settlement[5] placed a requirement on Employer that does not exist in the Act and created an impermissible equitable exception to Employer's Section 319 subrogation rights when Employer failed to comply with this non-existent requirement. Again, the Act gives employers automatic and absolute subrogation rights. As discussed *supra*, waiver of those rights requires express acknowledgement of such a waiver. Employer did not expressly waive its subrogation rights in this matter. Instead, it repeatedly and

---

[5] In the December 2021 WCJ Decision, the WCJ suggested:

> At the [C&R Agreement] hearing, [Employer] could have asked the Claimant, "After your attorney is paid you will receive $200,000. You will then reimburse us $120,643.95, so you will actually net less than $80,000 for which you will be giving up all of your rights to wage loss and medical expenses for the rest of your life." We need not speculate on what the outcome would have been had such a statement been made because it was not made. The issue has been waived.

December 2021 WCJ Decision at 5; R.R. at 20a.

10

explicitly preserved its rights in the Modification Petition and the explicit text of the C&R Agreement. Despite the WCJ's suggestion, Employer was under no obligation to explain or confirm its intent to exercise its automatic, absolute subrogation rights granted by Section 319 of the Act with Claimant as a prerequisite to enforcing those rights. By finding that Employer implicitly waived its subrogation rights by not complying with the WCJ's preferred hypothetical practice procedures to seek approval of a Compromise and Release Agreement, the WCJ improperly created an equitable exception to the Act's automatic grant of subrogation rights to employers. This represents an error of law on the part of the WCJ which the Board in turn erred by affirming. *Kalmanowicz*.

## IV. Conclusion

For the reasons above, we conclude that the WCJ erred by determining that Employer waived its claim for additional recovery based on the Third-Party Settlement in the later C&R Agreement and the instant proceedings. Accordingly, we reverse the July 2022 Board Decision. The matter is remanded to the Board for further remand to the WCJ to conduct further proceedings consistent with the instant memorandum opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

American General Life Insurance
Company,
                           Petitioner

            v.

Joseph M. Grosso (Workers'
Compensation Appeal Board),
                     Respondent

:
:
:
:
:
:
:
:
:
:   No. 860 C.D. 2022
:
:

# **O R D E R**

AND NOW, this 26th day of September, 2024, the July 13, 2022 decision and order of the Workers' Compensation Appeal Board (Board) is REVERSED and the matter is REMANDED to the Board for further remand to the Workers' Compensation Judge to conduct further proceedings consistent with the attached opinion.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge